Day, J.
 

 This case involves a rule of property and the law of contracts. The paramount question is between the heirs at law of Joseph Wooley, deceased, who claim title to real estate and personal property of which he died seized, by the statutes of descent, and Maude M. Michael, who claims title to the same property by virtue of a verbal contract for care and services rendered Joseph Wooley during his lifetime, in consideration of which Joseph Wooley agreed to leave her all his property.
 

 The claim of Maude M. Michael, defendant in error, is that she is entitled to recover herein upon the equitable ground of fraud. But in order to prove the fraud she must establish the contract. If there was no contract, then there was no fraud. The fraud claimed consisted of failing to perform
 
 *592
 
 the alleged contract; that is, that Joseph Wooley failed to keep his part of the agreement and make a will or other proper writing to fully protect defendant in error’s interests. In other words, as stated in the brief of counsel:
 

 “There is only one question of law involved in this case: Has a court of equity, under the circumstances of this case, power to order that to be done which Joseph Wooley agreed he would do, but which he omitted to do?”
 

 It is the claim of the heirs at law of Joseph Wooley that even admitting a verbal contract, as claimed by Maude Michael, which, however, they deny, the same is such an agreement as falls within the terms of the statute of frauds, and is therefore not sufficient to pass title to the real and personal property involved herein.
 

 It is conceded that such a contract as is claimed in this case must be shown by clear and convincing evidence. That being a question of fact, and determined favorably to the defendant in error, we may assume that the verbal contract claimed by her was in fact shown to exist and that under its terms the same was fully performed upon the part of Maude M. Michael.
 

 Is it, however, and the fact that Joseph Wooley failed to execute such written instrument as agreed upon, sufficient in equity to permit recovery?
 

 It, is urged that the services rendered by the defendant .in error under the contract were not intended to be ■ and were not susceptible of being measured by pecuniary standard, and hence such performance upon her part is sufficient to take the case out of the statute of frauds and authorize an order of specific performance.
 

 
 *593
 
 In support of this view the language of Bradbury, J., in
 
 Shahan, Ex’r.,
 
 v.
 
 Swan,
 
 48 Ohio St., 25, 40, 26 N. E., 222, 226 ( 29 Am. Rep., 517), is relied upon:
 

 “Notwithstanding that it is the established rule in Ohio that the payment of the consideration, even in the personal services of the party seeking relief, does not ordinarily constitute such part performance as will take a case out of the operation of the statute of frauds, we do not wish to be understood to hold that cases may not arise wherein specific performance of a contract in parol may be had on the ground that the consideration had been paid in personal services, not intended to be, and not susceptible of being measured by a pecuniary standard.”
 

 This language is purely obiter to the case then before the court, for the learned judge continues:
 

 “What we hold in the case before us is, that although the services rendered by the defendant in error may have been of such character, yet, the circumstances under which they were rendered, when considered in connection with the other alleged acts of part performance, do not indicate that they were done pursuant to any contract or agreement whatever relating to property; and that this class of cases does not call for any further relaxation of the rule requiring proof of acts of part performance to take a case out of the operation of the statute of frauds.”
 

 The observation of the learned judge was therefore not necessary in any wise to the decision of the case then in hand, as apparently it turned upon the point that there was not produced that clear
 
 *594
 
 and convincing evidence necessary to establish, the contract in question.
 

 It is well known that services of the character referred to in the contract in the case at bar are of common occurrence. Actions for recovery for them, are frequently brought in our courts, and it is the province of the jury to fix the value of the ordinary things of life, when all the facts and circumstances are clearly before it.
 
 Hossler, Ex’r.,
 
 v.
 
 Trump,
 
 62 Ohio St., 139, 56 N. E., 656.
 

 The Court of Appeals made no finding of fact upon the subject, and a careful reading of the record fails to disclose anything but ordinary services rendered in a faithful and efficient manner. We see nothing in the character of the services rendered that could not have been amply compensated by an award of a jury, under proper instructions.
 

 The right of one to recover in an action at law upon suit upon a contract of this character for specific performance, or by way of damages, is settled in this state in the case of
 
 Kling, Adm’r.,
 
 v.
 
 Bordner,
 
 65 Ohio St., 86, 61 N. E., 148, wherein it is held:
 

 “To malm a valid contract to leave an estate including real property to another by will, it is not only necessary that the contract, or a memorandum thereof, shall be in writing, signed for the purpose of giving it authenticity as an agreement, but the terms of the agreement must be expressed •with reasonable certainty in the writing, and it must contain a sufficiently definite identification of the property to be so disposed of. # *
 
 *'
 

 “A verbal agreement to leave real property to
 
 *595
 
 another by will, or otherwise, in consideration of personal services to be rendered by the latter, is within the statute of frauds, and void; and the payment of the consideration by rendering the services is not such performance as will take the agreement out of the operation of the statute.”
 

 At page 103 (61 N. E., 152) the court, speaking by Williams, J., says:
 

 “The law has provided with certainty for the succession to intestate property, and the rights of those so lawfully entitled to succeed to it, should not be defeated, except by some other lawful disposition by the owner that can be distinctly established.
 

 “That the judgments below cannot be supported by the verbal agreement, has been settled by the former decisions of this court. The agreement is within the statute which expressly denies the right to bring an action upon it. The performance relied on to take the agreement out of the statute is the payment of the consideration by the plaintiff, which, although it consisted of personal services rendered by her, is insufficient.
 
 Shahan
 
 v.
 
 Swan, supra; Crabill
 
 v.
 
 Marsh,
 
 38 Ohio St., 331;
 
 Howard
 
 v.
 
 Brower,
 
 37 Ohio St., 402, 403. It does not aid the plaintiff’s case, as her counsel seem to suppose, to treat it as one at law for damages. The doctrine of part performance is enforced only in equity, and cannot avail to render a contract which is void by the statute because unwritten or unsigned, capable of being directly sued on in a court of law. The extent of her remedy at law would be to recover the value of her services. Her action is not of that nature.”
 

 
 *596
 
 We recognize that the effect of this announcement of the law is denied application in this case upon the ground that the claims of the defendant in error rest upon the equitable claim that a fraud has been perpetrated upon her, and that her action is therefore equitable in nature and seeks the quieting of title to the real estate wfiieh she claims to own. The fraud complained of is the fact that Wooley, by representation of leaving everything to her, induced plaintiff below to enter the contract and perform fully her part thereof, and then neglected and failed to do as he agreed to do. As is said in
 
 Crabill
 
 v.
 
 Marsh,
 
 38 Ohio St., 331, 338:
 

 “A
 
 mere refusal to perform a parol agreement, void under the statute of frauds, is in no sense fraud, either in law or equity.”
 

 See
 
 Wheeler
 
 v.
 
 Reynolds,
 
 66 N. Y., 227.
 

 The general rule is well stated in 36 Cyc., 673:
 

 “Certain kinds of services of a very personal nature have been recognized by a clear majority of the' American cases as a sufficient act of part performance, unaided by possession or other act on plaintiff’s part. Where the services rendered are of such a peculiar character that it is impossible to measure their value by any pecuniary standard, and where it is evident the parties did not intend to measure them by any such standard, it is impossible adequately to compensate the party performing the services except by á decree for specific performance.”
 

 See, also, 2 Elliott on Contracts, Section 1276;
 
 Grindling
 
 v.
 
 Rehyl,
 
 149 Mich., 641, 113 N. W., 290, 15 L. R. A. (N. S.), 466.
 

 
 *597
 
 As illustrating the character of the part performance that will take a case out of the statute of frauds, reference is made to oases cited in the notes of above authorities.
 

 During defendant in error’s year and a half residence with the decedent, he purchased and gave to her a new automobile for her use, gave her his deceased wife’s jewelry, amounting to $1,000 or $1,200 in value, gave her a United States bond of $100, and many articles of personal property that had belonged to his deceased wife. The home appears to have been a very comfortable one.
 

 We have no doubt that the plaintiff below fully discharged her part of the contract as set forth in the petition, but we can see nothing of such an unusual character in the services rendered as to justify granting specific performance.
 

 While both cases,
 
 Shahan
 
 v.
 
 Swan,
 
 and
 
 Kling
 
 v.
 
 Bordner, supra,
 
 recognize that suits in equity may sometimes be maintained where parol promise and performance may take a case out of the statute of frauds (as indicated in the authorities above cited), yet the conclusions of both these cases exclude the application of such doctrine in such a case as is disclosed by this record.
 

 Entertaining these' views, we are constrained to the conclusion that there is not sufficient in this record to enable us to determine that the services rendered by the plaintiff below were of such peculiar character and nature that they could not be measured by pecuniary standard, and that it would work no fraud upon the plaintiff below if she were denied specific performance of this parol
 
 *598
 
 agreement, but remitted to such compensation as sbe would be entitled in law.
 

 Judgment
 
 reversed,
 
 and petition dismissed.
 

 Robinson, Jones, Matthias, and Allen, JJ., concur.
 

 Wanamaker, J., not participating.