## OHLENDIEK v. SCHULER et al.

Circuit Court of Appeals, Sixth Circuit. January 19, 1929.

No. 4987.

Richard A. Powell, of Cincinnati, Ohio (John C. Healy, of Cincinnati, Ohio, on the brief), for appellant.

Leonard Garver, Jr., of Cincinnati, Ohio (David Lorbach, of Cincinnati, Ohio, on the brief), for appellees.

Before DENISON, MACK, and HICKS, Circuit Judges.

MACK, Circuit Judge. Appeal from decree dismissing the bill on the merits. The bill, sustained by this court in 299 F. 182, as against a motion to dismiss, alleges as follows: Defendants are the beneficiaries of the will made in 1908 of one Roettcher, a resident of Cincinnati, owning real and personal property there. For years preceding his death in 1920, he had lived in Germany, being supported and nursed by plaintiff in consideration of his promise to pay therefor; this promise he was unable to perform while his property remained in the possession of

the Alien Property Custodian. Finally, when his indebtedness amounted to about $6,000, he agreed with complainant that if she would continue her care till his death and pay his funeral expenses he would by will bind the beneficiaries of his estate to pay her $6,000. She accepted this agreement in full satisfaction of her claim, and performed her part thereof until Roettcher's death. The bill specifically alleged that the agreement was valid under the laws of Germany and Ohio, although not itself operative as a will because of formal defects. The prayer is for "specific performance" of the agreement by the imposition of a lien upon the property received by defendants under the 1908 will. ▌ At its strongest, the proof offered at the trial shows that shortly before his death Roettcher declared his intention of bequeathing $8,000 to plaintiff in discharge of an obligation to compensate her for services rendered, that she had said $6,000 would be enough, and that he thereupon attempted to make a will leaving her the latter amount. Because of his feebleness at the time, he did not sign the will. It was transcribed from his oral declaration by a notary in the presence of subscribing witnesses, with the formalities necessary to give it validity as a will under German law. The instrument read: "I have made in America a last will. My heirs shall be obligated to pay to my cousin, the widow of Kolonen Wilhelm Ohlendiek, Wilhelmina Ohlendiek, nee Fortreide, at Niedermehnen 28, four months after my death, a legacy in the sum of six thousand dollars. This provision by will is in fulfillment of a promise made by me to the widow Ohlendiek to compensate her for free room and board and sustenance with which she has provided me during the last twenty years past."

The translation here quoted from the record is inaccurate in one respect hereinafter mentioned.

Plaintiff is not attempting to propound the will, obviously invalid under Ohio law, nor to recover on a quantum meruit for her services and outlay, as she might have done while the estate was in administration; she seeks to enforce a contract to make a will. The evidence of the existence of such a contract is altogether insufficient, amounting to no more than that when Roettcher announced an intent forthwith to provide for her by will, she appeared acquiescent. It is clear, even from the will itself, that Roettcher had promised to compensate her as in fact he attempted to do; there is also some evidence, including a statement by Roettcher, which we

assume without deciding was properly introduced as an admission, that she accepted the invalid will in satisfaction of her claim; but neither fact has any tendency to prove that Roettcher ever promised to make a will. We fully concur with the holding of the trial judge that the heavy burden of proof imposed upon plaintiffs in cases of this kind has not been met.

▌ Even if the contract had been established, plaintiff would still be defeated by the Statute of Frauds. On the first appeal, it was decided that the case did not fall within the section governing promises to answer for the debt of another. But defendant's answer sets up Ohio General Code, § 8621, which was not passed upon in the former decision: "8621. No action shall be brought whereby to charge the defendant, * * * upon a contract or sale of lands, tenements, or hereditaments, or interest in, or concerning them, * * * unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing, and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized."

This statute is evidently procedural, and therefore, if applicable, bars the remedy, no matter where the cause of action accrued. The Ohio cases leave no doubt that an oral contract to dispose by will of an estate consisting in part of real property falls within section 8621, and that the oral contract is not rendered enforceable by such performance on one side as can be compensated in money. Newbold v. Michael, 110 Ohio St. 588, 144 N. E. 715. See, also, Kling v. Bordner, 65 Ohio St. 86, 61 N. E. 148.

▌ The will is clearly not a sufficient memorandum of the alleged contract. It has been argued that the existence of the will is such strong proof of the contract to make it that no written evidence of the contract should be necessary. But an undelivered deed is not in itself evidence of an oral contract to convey; although recitals therein may serve as a memorandum in writing within the statute. Swain v. Burnette, 89 Cal. 564, 26 P. 1093. The danger of inferring, from an invalid instrument, the existence of a prior oral contract to make a valid one, has often been pointed out, Kopp v. Reiter, 146 Ill. 437, 34 N. E. 942, 22 L. R. A. 273, 37 Am. St. Rep. 156; 26 Harv. L. Rev. 276, and is well illustrated by Lowther v. Potter (C. C. A. 6) 221 F. 881. Similarly a will executed pursuant to an oral contract for mutual wills is not evidence of the contract unless it is recited therein. In re Edwall's Estate, 75

Wash. 391, 134 P. 1041; 39 Harv. L. Rev. 663.

■ It has been argued in the alternative that the very attempt to create a lien upon property in consideration of the extinction of valuable claims creates an equitable lien upon the property, just as in the case of a defectively executed mortgage. Allis v. Jones (C. C.) 45 F. 148, 150; Markham v. Wallace, 147 Ala. 243, 41 So. 304. This rule, if applicable by analogy, might justify the specific performance sought by the bill, since such equitable mortgages are deemed to arise out of an implied promise to make a valid instrument if the one first drawn up proves invalid. 3 Pomeroy, Equity Jurisprudence, 2970, 2971. But this rule of implication, while appropriate enough in the case of mortgages upon specific property securing advances of money, does not in our judgment extend to ambulatory liens given under the circumstances of the present case.

■ An expert upon German law testified that a contract to make a will is invalid under the German Code as a limitation upon free testamentary capacity. But we do not rely upon this as a bar to plaintiff's recovery. While the place of contracting was Germany, the proper law to test the validity of such a contract to create a charge by will is the law of the place where the property is situated and the money is payable, especially when that is also the domicile of the owner. Although the will seems to say that the money is payable "at Niedermehnen" instead of at the place of administration, this is due to faulty translation. The phrase really indicates nothing more than the address of the widow Ohlendiek.

Decree affirmed.