By the Court.
 

 This action was instituted October 6, 1926, in the court of common pleas of Montgomery county by Ezra F. and Bussell E. Kimmel, partners, for the recovery of a real estate broker's commission upon a contract not in writing. Upon the trial to the judge of the common pleas court, a jury having been waived, judgment was rendered for the plaintiffs, but this was reversed by the Court of Appeals. Upon motion the record was certified to this court for review.
 

 The contract sued upon was entered into in 1923, and was completed prior to the effective date of the statutory amendment here in question. It was not claimed that this oral contract specified the amount of rate or commission for the procurement of a purchaser, and in that respect the action is one in
 
 quantum meruit.
 

 The defense of the statute of frauds was asserted, and the only question presented to this court is whether the amendment of Section 8621, General Code, effective July 9, 1925 (111 Ohio Laws, 104), was available to the defendants as a bar to the claim of the plaintiffs.
 

 In our opinion the contention that the contract is enforceable, having been completed, and therefore,
 
 *506
 
 having been completed, the cause of action arose prior to the amendment of the statute of frauds bringing such contracts within its terms, cannot be sustained. It has been definitely settled in a recent decision of this court in the case of
 
 Jacobs
 
 v.
 
 Joseph E. Copp Co.,
 
 123 Ohio St., 146, 174 N. E., 353, that “the fact that the vendor of real estate accepted the services of the broker and benefited thereby does not operate to soften the rigor of the statute, Section 8621, General Code, denying the right to the broker to maintain an action against the vendor for a commission, without compliance with the provisions of such section,”
 

 The amendment of Section 8621, General Code, is remedial in character. Its essential provisions are as follows: “No action shall be brought whereby to charge the defendant *' * * upon an agreement, promise or contract to pay any commission for or upon the sale of an interest in real estate * * * unless the agreement * * * is in writing.”
 

 A similar statute was before this court in the case of
 
 Heaton
 
 v.
 
 Eldridge & Higgins,
 
 56 Ohio St., 87, 46 N. E., 638, 36 L. R. A., 817, 60 Am. St. Rep., 737, and it was there held that such statute prescribes a rule of procedure, and that the mode and measure of proof required by the statute are indispensable in the establishment of such agreements.
 

 The statutory amendment here in question therefore applies to all actions instituted after its effective date, which was July 9,1925, and the statute operates to bar the cause of action of the plaintiffs, although it had arisen prior to the enactment of the amendment. The question here involved was fully determined by this court in the case of
 
 Smith
 
 v.
 
 New York Central Rd. Co.,
 
 122 Ohio St., 45, 170 N. E., 637.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Matthias, Day, Allen, Kinkade and Stephenson, JJ., concur.