Williams, J.
 

 The defendant, William E. Cook, maintains that the judgment of the Court of Appeals adjudging specific performance of the contract to leave real property by will is prejudicially erroneous and should be reversed. The various alleged grounds of •error will be discussed in logical order.
 

 It is contended that the contract for the sale of the undertaking business, which is in writing, could not be supplemented by showing a contemporaneous •oral agreement to devise real property by will.
 

 It has been suggested that the doctrine of partial integration applies here and it certainly would as to the writing executed by the plaintiff, Helen A. Ayres, for it recites that the undertaking business is sold for one •dollar and other considerations. This recital would permit proof that the other considerations were partly mgney and partly real property to be left by will. The writing executed by Mildred A. Spears, however, recites that the consideration was $2,500 cash. The parol evidence rule ordinarily does not prevent showing what the actual consideration was. Of course, the recital that the consideration was $2,500 could not be altered ■or contradicted by showing that the agreement was in fact for a different amount payable in cash. But the agreement for an additional consideration,
 
 vis.,
 
 a promise to leave property by will can be shown, for •evidence of such a fact is not deemed inconsistent with or contradictory of the writing.
 
 Vail
 
 v.
 
 McMillan,
 
 17 Ohio St., 617;
 
 Conklin, Trustee,
 
 v.
 
 Hancock,
 
 67 Ohio St., 455, 66 N. E., 518. Therefore the parol evidence rule was not violated.
 

 Defendant further claims that the oral part of
 
 *285
 
 the agreement is not enforceable because of the statute ■of frauds.
 

 Section 8621, General Code, which is the general ■statute of frauds, and applies to a contract to devise real estate
 
 (Kling, Admr.,
 
 v.
 
 Bordner,
 
 65 Ohio St., 86, 61 N. E., 148), provides,
 
 inter alia,
 
 that no action shall ■be brought “to charge a person * * * upon a contract or [sic] sale of lands, tenements, or hereditaments, or interest in, or concerning them, * * * unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing * * *.”
 

 Recently Section 10504-3n, General Code, has been ■enacted, which provides: “No agreement to make a will or to make a devise or bequest by will shall be ■enforceable unless such agreement is in writing, signed by the party making it or by some other person by his ■express direction, in which latter case the instrument must be subscribed by two or more competent witnesses who heard such party acknowledge that it was •so signed by his direction.”
 

 There' is some question as to whether this latter section is applicable for the reason that it did not become effective until September 2,1935 (116 Ohio Laws, 385), ■some years after the contract herein was entered into. We are of the opinion, however, that it is riot necessary to go into that question. That the doctrine of partial performance applies to both of these sections cannot be denied; so the first question is whether, under the state of facts we have here, there is such part performance as takes the case out of the statutes. An affirmative answer will be dispositive of this phase of the •case.
 

 If has been held that full performance of an agree-, ment for the exchange of realty by one of the parties •constitutes such part performance as will take the ■case out-of the statute of frauds.
 
 Pearsall
 
 v.
 
 Henry,
 
 153 Cal., 314, 326, 95 P., 154. See monograph, 101 A. L. R., 1105, f. 1. The transaction in the instant case was
 
 *286
 
 in the nature of an exchange. A business was sold inconsideration of cash plus land to be. devised. Th& contract was fully performed by all of the parties with the sole exception that the oral part was breached by the decedent. Yet the written and oral parts must, be considered as a whole notwithstanding the defendant, William E. Cook, was not obligated by what was-oral. Considered as a whole, the contract was fully performed by the plaintiffs and such defendant and partially performed by the decedent. This is distinctively a case in which there is such part performance of the contract as a whole as takes it out of the statutes and makes it enforceable.
 

 Did plaintiffs come into court with clean hands'?' Defendant, William E. Cook, claims that the plaintiffs, his sisters, have been guilty of reprehensible-conduct in that they held secret meetings with their mother, the decedent, which were not revealed to him-until after his mother’s death, or for a period of twenty-years. Of course, a court of equity may refuse a decree on the ground of reprehensible or unconscionable-conduct. As stated in the preliminary statement each¡ one of the plaintiffs received $2,500 for her interest, in the undertaking business in addition to the mother’s-oral agreement to leave them her real property by will.
 

 There is undisprited evidence that the interest of each of the plaintiffs in the undertaking business was worth $7,000 or more. Under these circumstances the-mother was getting the interest she purchased from her daughters for much less than it was worth unless-the difference was made up by the devise of her real estate. With the assistance and active cooperation of the decedent the son was getting his share of the purchased interest in the business for much less than it was worth absolutely. It would be in keeping with-good conscience and fair dealing for the mother to-
 
 *287
 
 make good tlie difference between the cash paid and the true value of the property so that the daughters would not be the losers. The son can hardly be heard to complain that the daughters do not have clean hands when they seek to compel performance of the promise of the mother which gave to the daughters a fair price for their property — the very thing the son would not do. Under the circumstances the contractual obligations arising from the writings and oral agreement were just as to all parties concerned.
 

 Defendant claims that the evidence offered by .plaintiffs was not clear and convincing.
 

 An examination of the record discloses that all the •competent evidence was in favor of the plaintiffs. This •court is not required to weigh the evidence but will examine it where a high degree of proof is required in •order to determine whether it attains that standard.
 
 Frate
 
 v.
 
 Rimenik,
 
 115 Ohio St., 11, 18, 152 N. E., 14. We can only reach the conclusion that there was’clear ■and convincing proof of plaintiffs ’ case. Indeed there was no evidence to the contrary on the principal issue in this case.
 

 The defendant, William E. Cook, claims that plaintiffs are estopped from asserting the oral part of the contract.
 

 This contention goes back to the so-called secret ■agreement. The mother had a right to make a will and leave her property to whomsoever she chose. The plaintiffs likewise had a right to enter into a contract the consideration for which was in part the promise to devise property to them.
 
 Smith
 
 v.
 
 Nyburg,
 
 136 Kan., 572, 16 P. (2d), 493. The fact that the plaintiffs entered into such a contract with their mother, depriving the defendant Cook of an inheritance, whiclrhe would have received -upon the death of his mother intestate if the contract had not been made, would of
 
 *288
 
 itself not work an estoppel against the plaintiffs. He-was not misled to his injury by the secret agreement, for the simple reason that he was not deprived of anything to which he was entitled.
 

 The defendant, William E. Cook, further claims-that the plaintiffs here have an adequate remedy at law.
 

 Plaintiffs could not maintain an action against the-defendant Cook for the difference between the cash-consideration paid and the actual value of the real property of which the mother died seized, for he did not breach his contract. The plaintiffs could sue the-estate for breach of contract but are not relegated to-that kind of action exclusively as an action at law does not ordinarily afford an adequate remedy for refusal to convey real estate in accordance with a valid agreement. An enforceable contract to leave real property by will constitutes no exception to the rule. On the death of the contracting owner legal title will' descend to the heirs of the decedent subject to the-right of the plaintiffs to specific performance.
 
 Emery
 
 v. Darling, 50 Ohio St., 160, 161, 33 N. E., 715.
 

 This court finds no prejudicial error on the face of the record, and, therefore, the judgment is affirmed..
 

 Judgment affirmed.
 

 Weygandt, C. J., Turner, Matthias, Hart and’ Zimmerman, JJ., concur.
 

 Bettman, J., not participating.