Taft, J.
The question presented to this court in each of these cases is whether specific performance *214 of the alleged contracts may be enforced, notwithstanding the provisions of Sections 8621 and 10504-3a, General Code.
Those sections read:
Section 8621. "No action shall be brought whereby to charge the defendant, upon a special promise, to answer for the debt,- default or miscarriage, of another person; nor to charge an executor or administrator upon a special promise to answer damages out of his own estate; nor to charge a person upon an agreement made upon consideration of marriage, or upon a contract or sale of lands, tenements, or heriditaments, or interest in, or concerning them, nor upon an agreement that is not to be performed within one year from the making thereof; unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing, and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized.” (Emphasis added.)
Section 10504-3(2. "No agreement to make a will or to make a devise or bequest by will shall be enforceable unless such agreement is in writing, signed by the party making it or by some other person by his express direction, in which latter case the instrument must be subscribed by two or more competent witnesses who heard such party acknowledge that it was so signed by his direction.” (Emphasis added.)
The petition in case No. 33164 relies only upon an “oral contract * * * to convey * * * by deed or will, effective after * * * death.” Complete performance of such contract could have been supplied by the making of a proper will. If such a will had been made, there would have been no breach by reason of a failure or refusal to convey by deed. Such a will could have been made any time before death. Therefore, until death, there could have been no breach of such con *215 tract. It follows that a breach of the contract to convey by deed or will would necessarily involve the failure to make a will. Cf. Howard v. Brower, 37 Ohio St., 402, 408. Therefore, unless the oral contract is enforeible as, to use the words of Section 10504-3n, General Code, an “agreement to make a will or to make a devise * * * by will,” the judgment of the Court of Appeals must be reversed in case No. 33164. Obviously, under the words of that statute such an agreement, not being in writing, is not en-forcible.
In case No. 33119, it is argued that the alleged “written contract” of June 1946, hereinbefore set out in the statement of facts, is sufficient to constitute a “memorandum or note” of “the agreement upon which such action is brought,” within the meaning of Section 8621, General Code, and an “agreement * * * in writing” within the meaning of Section 10504-3a, General Code. However, there are no words in that alleged “written contract” which can reasonably be construed as words of promise or agreement, or as an indication of any contract or agreement. At most, the words of that alleged “written contract” express a desire which Lola Sherman and her husband had when the words were written but there is no written indication that either of them agreed or even intended to bind themselves to continue to have the desire so expressed.
It is stated in paragraph one of the syllabus in Kling, Admr., v. Bordner, 65 Ohio St., 86, 61 N. E., 148:
“The memorandum in writing which is required by the statute of frauds (Section 4199, Revised Statutes) [now Section 8621, General Code] is a memorandum of the agreement between parties; and it is not sufficient unless it contains the essential terms of the agreement expressed with such clearness and certainty that they *216 may be understood from the memorandum itself or some other writing to which it refers, without the necessity of resorting to parol proof.”
It is contended that the alleged “written contract” in case No. 33119 “is as specific as the agreement” in Emery v. Darling, 50 Ohio St., 160, 33 N. E., 715. However, in the memorandum in that case, there were words of promise and agreement, a clear description of what was agreed to and a description of the consideration for the agreement.
It is apparent, therefore, that there is in case No. 33119, to use the words of Sections 8621 and 10504-3a, General Code, no “memorandum or note” of “the agreement upon which” the action was brought and no “agreement * * * in writing.” Obviously, therefore, unless the words of those statutes are to be disregarded, the judgment of the Court of Appeals in case No. 33119 must be reversed and the judgment of the Common Pleas Court affirmed.
This court has not always applied Section 8621, General Code, in accordance with its terms. Thus, it has in effect regarded the significant act of delivery of possession to the buyer under an oral contract for the sale of lands as the equivalent of the written memorandum required by that statute. Hodges v. Ettinger, 127 Ohio St., 460, 189 N. E., 113. See Snyder v. Warde, Admx., 151 Ohio St., 426, 433, 86 N. E. (2d), 489, and cases therein cited. It has also suggested that an oral contract for the sale of land or to make a will devising land may possibly be enforcible in some other instances, notwithstanding the provisions of that statute, although- such suggestions were, except in one instance, made where the court refused to enforce the contract involved in the case before it. See Tier v. Singrey, 154 Ohio St., 521, 97 N. E. (2d), 20; Newman v. Newman, 103 Ohio St., 230, 133 N. E., *217 70; Kling v. Bordner, supra, (paragraph five of syllabus) ; Shahan, Exr., v. Swan, 48 Ohio St., 25, 40, 26 N. E., 222; Newbold v. Michael, 110 Ohio St., 588, 144 N. E., 715; Snyder v. Warde, supra. The one exception is the case of Ayres v. Cook, 140 Ohio St., 281, 43 N. E. (2d), 287. With regard to that case, it was stated by Stewart, J., in the opinion in Snyder v. Warde, supra, at page 444:
“That is a pronouncement by this court that under certain circumstances partial performance can take an oral contract out of the operation of Section 10504-3a, although the Ayres case * * * did involve a contract entered into prior to the enactment of Section 10504-3a.’
“Some of the members of this court are of the opinion that what was said with reference to Section l0504-3a in Ayres v. Cooh should be re-examined if, in the future, it should become necessary to decide whether a case can be taken out of the operation of the section.”
In our opinion it is now necessary to so decide. In case No. 33164, the oral contract involved was entered into and partly performed prior to the enactment of Section 10504-3a.
In Kimmel v. King, 125 Ohio St., 505, 182 N. E., 516, it is said in the unanimous opinion ‘ ‘ by the court ’ ’: “The contract sued upon was entered into in 1923, and was completed prior to the effective date of the statutory amendment here in question * * *
“* * * the only question presented to this court is whether the amendment of Section 8621, General Code, effective July 9,1925 (111 Ohio Laws, 104), was available to the defendants as a bar to the claim of the plaintiffs.
“In our opinion the contention that the contract is enforcible, having been completed, and therefore, hav *218 ing been completed, the cause of action arose prior to the amendment of the statute of frauds bringing such contracts within its terms, cannot be sustained * * *
“The amendment of Section 8621, General Code, is remedial in character. Its essential provisions are as follows:. ‘No action shall be brought whereby to charge the defendant * * * upon an agreement, promise or contract to pay any commission for or upon the sale of an interest in real estate * * * unless the agreement * * * is in writing.’
‘ ‘ * * * The mode and measure of proof required by the statute are indispensable in the establishment of such agreements.
“The statutory amendment here in question, therefore applies to all actions instituted after its effective date, which was July 9, 1925, and the statute operates to bar the cause of action of the plaintiffs, although it had arisen prior to the enactment of the amendment. ’ ’
Unless this court is to depart from the law as announced in that case, it would seem to follow that Section 10504-3(3, which was in force when case No. 33164 was instituted, is applicable in that case even though the oral contract sued upon was entered into before the enactment of that statutory section and performance thereof had been partially completed at the time of such enactment.
It is arguable that Kimmel v. King, supra, differs somewhat from case No. 33164. The plaintiff in the Kimmel case could have sued at some time before the effective date of the statute that prevented enforcement of his contract. On the other hand, in case No. 33164, there had been partial performance when Section 10504-3a, General Code, became effective but there could have been no action on the contract before that *219 time. Cf. Smith v. New York Central Rd. Co., 122 Ohio St., 45, 170 N. E., 637. However, the right to dispose of property by will being purely a statutory right, there is unlimited legislative power to regulate and restrict by general laws the exercise of that right to make a will, at least until the will becomes effective. See Doyle v. Doyle, 50 Ohio St., 330, 345, 34 N. E., 166; Patton v. Patton, 39 Ohio St., 590, 597; Hane v. Kintner, 111 Ohio St., 297, 300, 145 N. E., 326; Krueger v. Krueger, Gdn., 111 Ohio St., 369, 379, 145 N. E., 753; Lozier v. Lozier, 99 Ohio St., 254, 256, 124 N. E., 167; 41 Ohio Jurisprudence, 291, Section 40. Cf. Goodman v. Gerstle et al., Exrs., 158 Ohio St., 353, 109 N. E. (2d), 489. A will admittedly cannot become effective until the death of the testator. Judy v. Trollinger, 110 Ohio St., 576, 583, 144 N. E., 44. It necessarily follows that, prior to that time, the testator cannot by any contract prevent the exercise of the unlimited power of the legislative branch of the government by general laws to regulate or restrict his exercise of that statutory right to dispose of his property by will. See State, ex rel. Crabbe, Atty. Genl., v. Massillon Savings & Loan Co., 110 Ohio St., 320, 143 N. E., 894. As hereinafter pointed out, Section 10504-3a, General Code, merely represents an exercise by the General Assembly of such power of the legislative branch of the government.
The holding in Ayres v. Cook, supra, so far as it might affect the decisions in the instant cases, is a broad one that, with respect to an “oral agreement * * * to leave real estate * * * by will,” where the party to receive the real estate has fully performed his part of the contract, such “part performance of the contract as á whole * * * takes the case out of both the general statuté of frauds (Section 8621, General Code) * * * and the specific statute of frauds (Section *220 10504-3a, General Code) * * *.” (Paragraph two of syllabus.) In the opinion, in support of the broad proposition “that full performance of an agreement for the exchange of realty by one of the parties [that is, the one to receive the real estate] constitutes such part- performance as will take the case out of the statute of frauds,” no reasons for that proposition are stated and only a California case and a particular portion of an annotation (101 A. L. R., 923) are either cited or referred to. The portion of the annotation referred to is subsection f. 1, at page 1105. It is entitled “Conveyance of Land” and appears under the general heading (page 1003) of “Particular Acts of Part-performance.” That portion does refer to a very few cases, such as the California case cited in the opinion in Ayres v. Cook, supra, involving oral contracts for the exchange of real estate and holding that, where one party has fully performed such a contract and conveyed the land he had agreed thereunder to convey, such party can require a conveyance of the land to be conveyed thereunder by the other party. Several other cases holding to the contrary, where there had been no delivery of possession of the latter land, are also referred to.
No reference is made in the opinion in Ayres v. Cook, supra, to the cases of Shahan v. Swan, supra, or Crabill v. Marsh, 38 Ohio St., 331, which are both decisions that involve the effect of the provisions of Section 8621, General Code, on oral contracts to devise realty, and are directly contrary to the decision rendered in Ayres v. Cook, supra, and to the statement of law in paragraph two of the syllabus of that case. Also, no reference is made to Hodges v. Ettinger, supra, or Newman v. Newman, supra, which cases also involve the effect of that statute on agreements for the transfer of realty and represent decisions con *221 trary to that rendered in the Ayres case and contrary to the statement of the law in paragraph two of the syllabus of that case. If that statement of the law is not sound with respect to Section 8621, General Code, it is clearly not sound with respect to the more specific provisions of Section 10504-3a, General Code. We see no reason why paragraph two of the syllabus and the decision in Ayres v. Cook, supra, should not be overruled.
In Snyder v. Warde, supra, paragraph one of the syllabus reads:
“An oral contract to make a will is unenforcible by virtue of Section 10504-3®, General Code, and payment of consideration by one in whose favor the contract is made, whether that payment consists of money or pecuniarily compensable services, will not remove such a contract from the operation of the section.”
Unless the fact, that in the instant cases the payment of consideration consisted of services which were not all “pecuniarily compensable,” justifies a different rule from that stated in the foregoing paragraph of the syllabus in Snyder v. Warde, supra, it is apparent that there can be no recovery on the contract involved in either of the instant cases.
As hereinbefore mentioned, this court had on numerous occasions suggested that, notwithstanding the provisions of Section 8621, General Code, an oral contract for the sale of land or to make a will devising land might possibly be enforcible in some instances other than where possession of the land had been delivered. In the light of these suggestions, the General Assembly, in 1935, enacted a law providing “that Section 10504-3 of the General Code be supplemented by the enactment of supplemental Section 10504-3®” (116 Ohio Laws 385, 404).
Section 10504-3, the section so supplemented, reads:
*222 “Except noncupative wills, every last will and testament shall he in writing, bnt may be handwritten or typewritten. Snch will shall be signed at the end by the party making it or by some other person in his presence and by his express direction, and be attested and subscribed in the presence of such party, by two or more competent witnesses, who saw the testator subscribe, or heard him acknowledge his signature. ’ ’
That section requires that, in order to be valid and effective, a will must comply with certain definite formalities. The reason for such formalities is to prevent the diversion of a decedent’s estate from those who would take it under the statutes of descent and distribution except in instances where the decedent has clearly and deliberately expressed an intention to so divert it. If, by contract, the decedent can accomplish the same result, there would be a risk of so diverting his estate, not only without complying with those formalities but also perhaps without even any written agreement. Section 10504-3a was obviously designed to guard against this and to avoid the risk that future court constructions of Section 8621 would not sufficiently accomplish that purpose.
As stated by Stewart, J., in Snyder v. Warde, supra, at page 433 et seq.:
“* * * Section 8621 * * * provides that ‘no action shall be brought * * V whereas Section 10504-3a provides that ‘no agreement shall be enforcible * * *.'
“Section 8621 * * * provides for the agreement or some memorandum or note thereof to be in writing, whereas Section 10504-3a provides that the agreement itself shall be in writing. Section 8621 provides that the agreement or memorandum or note shall be signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized, *223 whereas Section 10504-3a provides that the agreement shall be signed by the party making it or by some other person by his express direction, in which latter case the instrument must be subscribed by two or more competent witnesses who heard such party acknowledge that it was so signed by his direction.
“In view of all these circumstances and the further fact that the General Assembly knew that this court had, through the years, applied the statute of frauds to contracts to make a will, it could be pursuasively contended that the legislative branch of the government intended, when it enacted this entirely new section, to require, without exception, an agreement to make a will or a devise or bequest by will to be in writing and that unless the agreement were such it would not be enforcible under any circumstances.”
By the language which it used, the General Assembly very clearly expressed that intention. We conclude that that was its intention. It is the duty of this court to give effect to the intention so expressed in that statute and not to amend or repeal the statute.
It follows that in case No. 33119 the judgment of the Court of Appeals should be and it is reversed and the judgment of the Common Pleas Court is affirmed; and that in case No. 33164 the judgment of the Court of Appeals should be and it is reversed.

Judgments accordingly.

Middleton, Matthias, Hart, and Stewart, JJ., concur.
Weygandt, C. J., and Zimmerman, J., concur in the judgments.