[Cite as *Nieman v. Tucker*, 2020-Ohio-4704.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Nichole Nieman, et al.                 Court of Appeals No. L-19-1283

     Appellees                     Trial Court No. CVF 1810116

v.

Edmund Tucker, dba Lawn Creations
Franchising, LLC                 **DECISION AND JUDGMENT**

     Appellant                   Decided: September 30, 2020

* * * * *

Edmund Tucker, pro se.

* * * * *

**MAYLE, J.**

{¶ 1} Appellant, Edmund Tucker dba Lawn Creations Franchising, LLC ("Tucker"), appeals the November 22, 2019 judgment of the Sylvania Municipal Court granting appellees Nichole and Joshua Nieman $13,588 in damages and attorney's fees for Tucker's violation of the Ohio Consumer Sales Practices Act. For the following reasons, we affirm the judgment of the trial court.

# I. Background

## a. Procedural history

{¶ 2} On May 8, 2018, the Niemans filed a complaint against Tucker in the small claims division of the Sylvania Municipal Court. The Niemans alleged that Tucker improperly placed a mechanic's lien on their property for unpaid landscaping services. The Niemans sought recovery of the amount paid to satisfy the lien as well as lost wages and attorney's fees.

{¶ 3} On July 12, 2018, Tucker filed a combined answer, counterclaim, motion to dismiss, and motion to transfer to the regular docket. Tucker sought damages in his counterclaim and alleged that the matter was frivolous because the lien had already been satisfied. He claimed that the case should be dismissed because the lien was subject to a complete release and, therefore, the suit was barred as a matter of law. Tucker also argued that the complaint should be dismissed because it was filed against the wrong entity.

{¶ 4} The trial court denied Tucker's motion to dismiss as "premature." The trial court granted Tucker's motion to transfer because the amount of damages he requested in the counterclaim exceeded the jurisdictional limit of small claims court. The case was then transferred to the court's regular docket.

{¶ 5} On October 22, 2018, with leave of court, the Niemans amended their complaint and alleged that Tucker violated Ohio's Consumer Sales Practices Act—R.C. 1345.01 et seq.—by charging for a service that the Niemans did not authorize. Tucker's

2.

answer generally denied the allegations.  The matter proceeded to trial on January 11, 2019, at which time the following facts were adduced.

### b.  Factual background

{¶ 6} On November 11, 2017, an employee of Tucker's received an email from non-party Thomas Carter requesting the performance of lawn care services at the Niemans' residence.  Through a series of emails between November 11, 2017, and December 21, 2017, Carter arranged for Tucker to perform landscaping work at a cost of $2,900.  When asked about his relationship to the Niemans, Carter claimed to be in the process of purchasing their property.  Tucker's employee sought no further clarification and agreed to perform the requested services.

{¶ 7} Regarding payment, Carter claimed that he was unable to pay in person because he had cancer and was receiving treatments out of town.  Carter suggested a payment arrangement in which Carter would pay $5,000 for the work by credit card, and then Tucker would refund the excess amount into an account that Carter would provide at a later date.  Tucker agreed to that arrangement, and performed the requested work at the Niemans' property on December 16, 2017.

{¶ 8} Tucker never received any payment from Carter.  It appears that Tucker may have been the victim of an attempted phishing scheme.

{¶ 9} On December 20, 2017, Tucker filed an affidavit for a mechanic's lien, pursuant to R.C. 1311.06, against the Niemans' property.  Tucker's lien affidavit alleged

3.

that he performed services at the Niemans' residence for which he had not been compensated. The lien states that Tucker was owed $3,917.05.

{¶ 10} The following day, Tucker's employees forwarded Carter a final email attempting to resolve the payment issue. Carter did not respond. On December 26, 2017, Tucker forwarded an invoice to the Niemans for his services in the amount of $3,096.98.[1] The invoice identified the account as belonging to "Mr. and Mrs. Josh Nieman & Tom Carter."

{¶ 11} On January 5, 2018, after receiving the invoice, Mrs. Nieman contacted Tucker and informed him that she and her then-husband had neither requested nor agreed to have Tucker perform any services on their property. Tucker forwarded Mrs. Nieman the emails from Carter. Mrs. Nieman then informed Tucker that she did not know Carter and that he had no authority to purchase residential services on the Niemans' behalf. Mrs. Nieman assumed that the matter was resolved through this phone call. She did not know that Tucker had filed a lien on her property.

{¶ 12} On March 15, 2018, while in the process of selling their residence, the Niemans learned of Tucker's outstanding lien on their property. On that date, the Niemans received a closing statement that revealed a direct payment to Tucker due at closing to resolve the pending lien. Mrs. Nieman attempted to contact Tucker but was unable to reach him. A representative of the Niemans' title agency eventually reached

---

[1] The discrepancy between the amount due under the lien ($3,917.05) versus the amount due under the final invoice ($3,096.98) was not addressed by either party at trial.

4.

Tucker and he agreed to accept $2,701 to resolve the lien. The Niemans agreed to the payment to avoid having the purchaser back out of the sale. On March 20, 2018, Tucker executed a release of the mechanic's lien and the Niemans completed the sale of the residence. The Niemans then sought recovery of their payment through this action.

{¶ 13} On April 5, 2019, the trial court entered judgment for the Niemans. The trial court found that Tucker violated the CSPA by refusing to withdraw charges for services that he knew were not authorized by the Niemans, and for refusing to remove his mechanic's lien before receiving payment for those unauthorized repairs. Pursuant to R.C. 1345.09(B), the trial court awarded treble economic damages in the amount of $8,103—three times the amount paid to satisfy the lien—to the Niemans. The trial court also awarded $2,500 to them in noneconomic damages for the "frustration, inconvenience, aggravation, upset, stress and anxiety" that they suffered due to Tucker's conduct, as permitted under the CSPA. The trial court also determined that the Niemans were entitled to recover attorney's fees, and ordered the Niemans to submit a petition identifying the amount of the requested fees. Finally, the trial court's judgment found that Tucker was not operating as a registered corporate entity at the time of his conduct and, therefore, he was operating as a sole proprietorship. As a result, the trial court determined that Tucker himself committed the deceptive practices.

{¶ 14} On May 6, 2019, Tucker filed a notice of appeal from the trial court's April 5, 2019 judgment entry. The appeal was assigned case No. L-19-1095. We

5.

dismissed the appeal on October 24, 2019 for lack of a final, appealable order because the Niemans' request for attorney's fees was not yet resolved at that time.

{¶ 15} Following our dismissal, the Niemans filed their petition for attorney's fees with the trial court on November 4, 2019. Tucker did not respond to the petition. On November 19, 2019, the trial court entered final judgment in favor of the Niemans. The trial court's order incorporated the April 5, 2019 judgment and awarded an additional $2,985 in attorney's fees to the Niemans, for a total judgment in the amount of $13,588. Tucker, proceeding pro se, appealed and assigns the following errors for our review:

1. The trial court abused its discretion by allowing Appellees to proceed against the wrong DBA, namely, Lawn Creations Franchising, LLC, instead of Green Grass, Inc., DBA Lawn Creations.

2. Further, said trial court abused its discretion by allowing the Appellees to claim "fraud" on behalf of the Appellant, due to the fact that no written contract existed for said services in question.

## II. Law & Analysis

{¶ 16} In his first assignment of error, Tucker alleges the trial court erred in failing to dismiss the Niemans' complaint because it purportedly failed to name the real party in interest as the defendant. The Niemans' complaint named Tucker, doing business as Lawn Creations Franchising, LLC, as the sole defendant. The mechanic's lien against the Niemans' property was filed by Tucker, doing business as Green Grass, Inc. Tucker

6.

argues the trial court erred by permitting the Niemans to proceed in light of this discrepancy. We disagree.

{¶ 17} The trial court determined that Tucker was not operating as *any* registered corporate entity at the time of his conduct and, therefore, he was operating as a sole proprietorship. "A sole proprietorship has no legal identity separate from that of the individual who owns it." *Patterson v. V&M Auto Body*, 63 Ohio St.3d 573, 574-575, 589 N.E.2d 1306 (1992). "The individual who does business as a sole proprietor under one or several names remains one person, personally liable for all his obligations[.]" *Id.*, citing *Duval v. Midwest Auto City, Inc.*, 425 F.Supp. 1381, 1387 (D.Neb.1977).

{¶ 18} Notably, Tucker does not dispute the trial court's finding that he was operating as a sole proprietorship—which renders him liable for the deceptive practices without regard to his trade name. *Patterson* at 575. In addition, Tucker fails to set forth any facts related to the alleged misidentification of his trade name, or cite any evidence that would establish that he was operating as *any* registered corporate entity during the relevant time period. At trial, Tucker testified that he did not know whether any of his trade names were properly registered at the time of his conduct. For all these reasons, we find appellant's first assignment of error not well-taken.

{¶ 19} In his second assignment of error, Tucker alleges that the trial court erred in finding that he committed fraud by performing landscaping work without a signed contract. We disagree for several reasons.

7.

**{¶ 20}** First, the Niemans did not bring a fraud claim against Tucker. Rather, the Niemans alleged (and the trial court found) that Tucker violated the CSPA when he charged them for services that were not authorized—which is a deceptive act under R.C. 1345.03 and Ohio Adm.Code 109:4-3-05.

**{¶ 21}** Second, the trial court did not rule against Tucker because he performed landscaping services without a written contract. Rather, the trial court found that Tucker violated the CSPA because he charged for lawn services that the customer did not authorize. That is, the evidence showed that the Niemans do not know Carter—the individual that asked Tucker to perform work on their property—and did not authorize Tucker to perform any work for them. The evidence further showed that Tucker placed a lien on the Niemans' property and continued to seek payment for his services through the Niemans' sale of the property—even though the record is devoid of any evidence that the Niemans authorized the work. Based on these facts, the trial court concluded that Tucker committed a deceptive act under the CSPA. The lack of a written contract was irrelevant to the trial court's determination.

**{¶ 22}** Finally, Tucker cites inapplicable case authority in support of his claimed error. Specifically, Tucker cites *Newbold v. Michael*, 110 Ohio St. 588, 144 N.E. 715 (1924). The issue in dispute in *Newbold* was whether an oral agreement for the transfer of land was barred by Ohio's statute of frauds, which requires such agreements to be in writing. The dispute here is whether Tucker violated Ohio's CSPA. Thus, *Newbold* is wholly inapplicable.

8.

**{¶ 23}** In sum, Tucker fails to show that the trial court erred in granting judgment in the Niemans' favor based on the undisputed facts that were before it. Therefore, Tucker's second assignment of error is found not well-taken.

### III. Conclusion

**{¶ 24}** We find Tucker's first and second assignments of error not well-taken. We affirm the November 22, 2019 judgment of the Sylvania Municipal Court. Tucker is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

_____
JUDGE

Christine E. Mayle, J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.