MARGARET F. HANSEN, APPELLEE, v. FLORENCE GOINS, APPELLANT.

172 N. W. 2d 98

Filed November 14, 1969. No. 37262.

Leamer & Galvin, for appellant.

Ryan & Scoville, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

This action seeks to set aside a deed for failure of consideration. The trial court entered judgment for plaintiff, setting aside the deed. Defendant perfected an appeal to this court.

Plaintiff, a childless widow 84 years of age, executed the deed in question May 4, 1967, conveying her home to the defendant, subject to a life estate. The deed was drawn by her own attorney, pursuant to her direction. Shortly before May 4, plaintiff asked the defendant to take her to see the attorney. Plaintiff advised him she wanted to deed her home to the defendant, telling him the defendant was going to take care of her and she wanted to deed the property to her. The attorney advised plaintiff not to convey her home, but recommended that she handle the matter by will. On this point, the attorney testified: "This she didn't want to do and reiterated the fact she wanted to deed the house to Mrs. Goins. I then prepared the deed and on May 4 they came back and Mrs. Hansen signed it and I also explained to her

that there was a reservation in there for her lifetime reserving the lifetime use in Mrs. Hansen. The deed was recorded then through our office with the County Clerk." The attorney, who notarized the deed, testified the signing was the voluntary act and deed of plaintiff and that she was mentally competent at the time. Defendant was present on both occasions, but took no part in the conversation.

Approximately 3 months after the conveyance, plaintiff, who was then living in the home of the defendant, moved out, saying she didn't like it. Some time later she demanded the return of her home. The evidence would indicate this was after other friends moved into the house with her.

Plaintiff's attorney wrote defendant under date of December 26, 1967, as follows: "Dear Florence:

"We have been having quite a time with Margaret Hansen and she is very, very disturbed about the fact that she deeded the house to you. *I realize that she did this without you asking her to do it and over my objections.* However, this is water under the bridge and I feel sure that everything can be solved if you could simply deed it back to her.

"Would you please contact me as soon as possible so that we can discuss this matter." (Emphasis supplied.)

The parties had been close friends for more than 30 years. They had taken trips and vacations together on several occasions. Plaintiff had helped the defendant with the care of her children and in later years with her parents. In the later years defendant visited plaintiff in her home several times a week, helped her with her errands, and took her shopping and to church on Sundays. The evidence would indicate defendant had been providing plaintiff with companionship and some degree of care.

Plaintiff alleged in her petition that defendant in consideration of the execution and delivery of the deed agreed to care for her, to supply her needs, and be a com-

forter and companion to her. No attempt was made in the record to define what was meant by care. Plaintiff at all times bought her own food and paid her own bills, so clearly it did not include support.

Defendant testified the conveyance was plaintiff's sole idea. Plaintiff had previously made provision in her will, leaving the property in question to defendant. Plaintiff had experienced some trouble in probate proceedings and the purpose of the conveyance was to avoid probate to eliminate any trouble after plaintiff was gone. Defendant further testified she continued her previous activities on behalf of the plaintiff until plaintiff made it impossible to continue,

Plaintiff predicates her action on our repeated holding that where a grantor conveys land in consideration of the agreement of the grantee to support, maintain, and care for the grantor during his lifetime, and the grantee neglects or refuses to comply with the contract, the deed may be set aside and the title quieted in the grantor. Lewelling v. McElroy, 148 Neb. 309, 27 N. W. 2d 268.

To come within the ambit of this rule, the plaintiff has the burden of proof to establish her case by a preponderance of the evidence. Plaintiff's burden of proof involved two essential issues: Has the plaintiff proved such contract? If so, has there been a failure or refusal of the grantee to perform the condition subsequent? The answer to the first question is sufficient herein. Not only has there been a failure to prove an agreement, even if we could infer one was made, its exact nature is not apparent from the record.

We conclude that plaintiff has failed to sustain her burden of proof. The deed in question was drawn by and executed before her own attorney, who made an attempt to dissuade her. When he failed to do so, he provided for the reservation of a life estate for plaintiff in the property. At the time of the conveyance, plaintiff was fully competent and must be presumed to

have understood the nature of her act. If, as she now contends, the conveyance was premised on a definite agreement of future care, we find it hard to believe her attorney would not have advised her to have the agreement with its definite terms reduced to writing. The letter of December 26, 1967, to defendant from plaintiff's attorney, would certainly tend to negative any suggestion of an agreement.

The judgment of the trial court is reversed and the cause is remanded with directions that the plaintiff's petition be dismissed.

REVERSED AND REMANDED WITH DIRECTIONS.