TROUT, Appellant,

v.

PARKER et al., Appellees.

[Cite as *Trout v. Parker* (1991), 72 Ohio App.3d 720.]

Court of Appeals of Ohio,
Lawrence County.

No. 1954.

Decided Feb. 26, 1991.

*Donald R. Capper,* for appellant.
*Richard F. Bentley,* for appellees.

STEPHENSON, Judge.

This is an appeal from a judgment entered by the Lawrence County Court of Common Pleas granting summary judgment to Manuel Parker and Edna Childers, defendants below and appellees herein, and dismissing the complaint filed against them by Elizabeth Trout, plaintiff below and appellant herein. Appellant assigns the following errors:

I. "The trial court erred in granting summary judgment to the defendants as there were material facts in dispute between the parties."

II. "The trial court erred in granting summary judgment as defendants were not entitled to judgment as a matter of law."

The record reveals the following facts pertinent to this appeal. On February 11, 1988, appellant executed and delivered her certain warranty deed to appellees, conveying to them a remainder interest in 57.25 acres of real property located in Union Township, Lawrence County, Ohio. The deed was subsequently filed for record on February 24, 1988, and duly recorded in deed record volume 530, page 352, of the Lawrence County Recorder's Office. The parties to this appeal offer conflicting explanations of the circumstances surrounding this conveyance of property.

Appellant contends that the transfer was in consideration of an agreement with appellees whereby appellees would care for appellant for the remainder of her life, and pay for her medical bills and funeral expenses after her death in exchange for the property. Appellees, on the other hand, contend that the conveyance of the property was, essentially, a gift from appellant.

The record reveals that in August 1988, appellant was taken to the Pine Crest Nursing Home, where she resided when the cause *sub judice* was commenced. The transcript of appellant's desposition indicates that she is blind and has had a stroke and was removed from her home by some welfare or senior citizen organization because she was unable to move or care for herself and was, apparently, uncared for by anyone else.

On April 5, 1989, appellant commenced the action below alleging, alternatively, that appellees had either breached an agreement to provide her with care and support, or had fraudulently induced her to convey the premises to them. Appellant further alleged that appellees had appropriated, or converted, some of her own monies to their use. Appellant demanded judgment, *inter alia*, for $50,000 in compensatory and punitive damages and for a court order to set aside the conveyance. Appellees answered the complaint, denying all liability.

On February 16, 1990, appellees filed their motion for summary judgment, supported, in part, by the affidavit of appellee Edna Childers. In their motion, appellees argued that the conveyance was a gift and that there was no indication to the contrary on the face of the deed. Thus, appellees concluded, the "parol agreement" alleged by appellant could not be permitted to impose a condition on the deed which was not otherwise provided for therein.

Appellant filed her memorandum contra summary judgment, relying on the transcript of her previous deposition. Appellant argued that the evidence

contained therein was sufficient to raise a genuine issue of material fact as to whether the conveyance of the property was incident to a support agreement between the parties. Thus, appellant concluded, summary judgment should be denied. On April 16, 1990, the trial court, without opinion, entered summary judgment on behalf of appellees and dismissed the complaint against them. From that judgment, this appeal follows.

In her first assignment of error, appellant argues that the trial court erroneously granted summary judgment below in that there remained a genuine factual issue concerning, *inter alia,* the existence and breach of a support agreement between the parties. We agree.

Initially, we note that the correctness of rendering a summary judgment depends upon a "tripartite demonstration" that (1) there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, said party being entitled to have the evidence construed most strongly in his favor. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47; *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881, 883–884. Furthermore, it is well settled that the party moving for summary judgment is the one who bears the burden of showing that there exists no genuine issue of material fact. *Harless, supra,* 54 Ohio St.2d at 66, 8 O.O.3d at 74, 375 N.E.2d at 47; *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801–802. Appellees clearly met this initial burden, as the affidavit of Edna Childers provided, in pertinent part, that "there was no agreement to this deed *other than a gift."* (Emphasis added.)

However, once the moving party has properly carried its burden of production, the nonmoving party then has a burden of rebuttal to supply evidentiary materials supporting the contrary position. See *Campco Distributors, Inc. v. Fries* (1987), 42 Ohio App.3d 200, 201, 537 N.E.2d 661, 662–663; *Whiteleather v. Yosowitz* (1983), 10 Ohio App.3d 272, 275, 10 OBR 386, 390–391, 461 N.E.2d 1331, 1335–1336. In reviewing the deposition transcript relied upon by appellant, we note the following testimony:

"Q. Okay. Now, in February of 1988, February 11th, 1988, did you sign a deed to some real estate to Manuel Parker and Edna Childers?

"A. Yes, they promised they would make me papers that they would take care of me till I died, they would take me home with them and give me care, feed me, doctor bills, and bury me when I died for the land."

Testimony consistent with the above excerpt can be found throughout the deposition transcript. Clearly, this evidence is sufficient to rebut appellee's affidavit that there was no such agreement. As a result of these conflicting evidentiary items, it remained a genuine factual issue as to whether a support agreement existed between the parties. This issue was one to be resolved by the trier of fact and the court below erroneously disposed of it on summary judgment.

■ Appellees counter that such testimony cannot be considered because to allow evidence of a parol support agreement to impose a condition on the deed, which is not stated on the face of that instrument, would violate the parol evidence rule.[1] We disagree. As evidenced by the sparse citations in either party's brief, this subject is apparently one which has been little addressed by Ohio courts. However, we note that other jurisdictions have considered the issue, at least implicitly, and held that parol evidence is admissible to show an oral contract for support even though no mention of such agreement is made in the deed transferring the real property. Thus, in *Hansen v. Goins* (1969), 184 Neb. 765, 768, 172 N.W.2d 98, 100, the Nebraska Supreme Court held as follows:

" * * * [W]here a grantor conveys land in consideration of the agreement of the grantee to support, maintain, and care for the grantor during his lifetime, and the grantee neglects or refuses to comply with the contract, the deed may be set aside and the title quieted in the grantor. * * * To come within the ambit of this rule, the plaintiff has the burden of proof to establish her case by a preponderance of the evidence. Plaintiff's burden of proof involved two essential issues: *Has the plaintiff proved such contract?* * * * " (Emphasis added.)

Thus, evidence was allowed in to establish the existence, or nonexistence, of the alleged support agreement even though such agreement had never been reduced to writing. Similarly, in *Dietz v. Dietz* (1955), 244 Minn. 330, 335, 70 N.W.2d 281, 285–286, the Supreme Court of Minnesota reasoned as follows:

"Defendant contends that the testimony of the oral agreement was not admissible * * *. The courts are generally uniform in permitting an oral

---

1. This would also appear to be the reasoning used by the court below in granting summary judgment. The transcript of oral argument on appellees' motion reveals the court's ruling that "parol evidence really can't be used to add conditions to something that's already there." As previously mentioned, however, the court issued no decision or opinion and gave no reason for its judgment in the entry appealed from. In that a court speaks only through its journal, *Andrews v. Board of Liquor Control* (1955), 164 Ohio St. 275, 58 O.O. 51, 131 N.E.2d 390 at paragraph three of the syllabus; *State v. Mincy* (1982), 2 Ohio St.3d 6, 8, 2 OBR 282, 283–284, 441 N.E.2d 571, 572–573, we disregard these statements in reaching our conclusion herein.

agreement for support to be proved for the purpose of granting equitable relief. While various theories have been used, the most common one is that *parol evidence is admissible to show the true consideration for the deed."* (Emphasis added.)

Similarly, Ohio law has long provided that the parol evidence rule does not exclude oral testimony with respect to proof of consideration on a written instrument. *Monnett v. Monnett* (1888), 46 Ohio St. 30, 37, 17 N.E. 659, 663; *Blosser v. Enderlin* (1925), 113 Ohio St. 121, 133, 148 N.E. 393, 396. Furthermore, parol evidence has long been admissible to show the true consideration on a deed. *Conklin v. Hancock* (1903), 67 Ohio St. 455, 66 N.E. 518, at paragraph two of the syllabus; *Ayres v. Cook* (1942), 140 Ohio St. 281, 284, 23 O.O. 491, 493, 43 N.E.2d 287, 289–290. It, therefore, follows that parol evidence should be admissible to show that a consideration was intended as a *quid pro quo* for conveyance of the real property below. Of course, "consideration" for the conveyance need not, necessarily, be money or anything which is reducible to money value. See *State, ex rel. Roettinger, v. Cincinnati* (1933), 31 Ohio N.P. (N.S.) 230, 236. Thus, as was the court in *Dietz, supra,* we are of the opinion that a promise to support and care for a grantor, in exchange for which real estate is transferred to such promisor, is a sufficient "consideration" under those principles of law previously set forth. Accordingly, we reject the argument that the parol evidence rule barred appellant's testimony below concerning the alleged support agreement. Appellant's first assignment of error is, therefore, sustained.

In her second assignment of error, appellant advances several different arguments. First, appellant contends that if the facts shown below are viewed in a "light most favorable to her," then reasonable minds could conclude that she is entitled to the relief demanded and, thus, under Civ.R. 56(C), a grant of summary judgment was incorrect. For those same reasons set forth previously, we agree. Appellant next contends that the court erred in granting summary judgment because it "entirely overlooked" her allegations, and cause of action, for misappropriation or conversion of monies. Again, we agree. In reviewing appellees' motion for summary judgment and attached affidavit, we note that no part of these items are directed toward that cause. Thus, appellees failed to carry their initial burden of showing no genuine factual issue with respect to such claim for relief, *Harless, supra,* 54 Ohio St.2d at 66, 8 O.O.3d at 74, 375 N.E.2d at 47; *Mitseff, supra,* 38 Ohio St.3d at 115, 526 N.E.2d at 801–802, and the trial court erred in dismissing the complaint with respect to that cause. Appellant's second assignment of error is, accordingly, sustained.

Having found both assignments of error to be well taken, we reverse the judgment entered below and remand the cause for further proceedings.

*Judgment reversed*
*and cause remanded.*

HARSHA, and GREY, JJ., concur.