**ARGABRITE et al., Appellants,**

v.

**MEYERS et al., Appellees.**

[Cite as *Argabrite v. Meyers,* 174 Ohio App.3d 308, 2007-Ohio-7171.]

Court of Appeals of Ohio,
Fourth District, Lawrence County.

No. 07CA14.

Decided Dec. 20, 2007.

Novak, Robenalt & Pavlik, L.L.P., William J. Novak, and Colin P. Sammon, for appellants.

Roetzel & Andress, L.P.A., James P. Myers, and Anna Moore Carulas, for appellee.

———

ABELE, Judge.

{¶ 1} This is an appeal from a Lawrence County Common Pleas Court partial summary judgment in favor of ProAssurance, d.b.a. ProNational ("ProNational"), defendant below and appellee herein.

{¶ 2} Rebecca N. Argabrite and James Argabrite, plaintiffs below and appellants herein, assign the following errors for review:

FIRST ASSIGNMENT OF ERROR:

The trial court erred to the prejudice of plaintiffs-appellants by granting defendant-appellee's motion for summary judgment.

## SECOND ASSIGNMENT OF ERROR:

The trial court erred to the prejudice of plaintiffs-appellants by denying plaintiffs-appellants' motion to conduct additional discovery pursuant to Civil Rule 56(F).

## THIRD ASSIGNMENT OF ERROR:

The trial court erred to the prejudice of plaintiffs-appellants by granting defendant-appellee's motion to quash the subpoena of James J. Brudny Jr.

{¶ 3} On September 9, 2000, Rebecca Argabrite was injured in a motor vehicle accident. She and her husband retained Richard B. Meyers, a principal in the firm of Meyers & Neville, L.L.C. (the "law firm") to represent them. Subsequently, the statute of limitations expired. Meyers and his firm then notified their insurance carrier, ProNational, of the potential claim.

{¶ 4} On November 23, 2004, appellants, Meyers and the law firm entered into a "tolling agreement" to toll the limitations period for filing a claim. This agreement apparently permitted the parties to investigate the merits of the Argabrites' claim. After the investigation, the parties did not settle the claims.

{¶ 5} On April 18, 2006, appellants commenced the instant action in Cuyahoga County and alleged malpractice, fraud, civil conspiracy, a violation of Disciplinary Rule 6-102(A), and breach of fiduciary duty by all defendants acting in concert. Appellants requested in excess of $25,000 for compensatory damages together with attorney fees. All defendants denied liability. Meyers then requested a venue transfer from Cuyahoga County to Lawrence County. The court granted the request.

{¶ 6} ProNational requested summary judgment and argued that it had no connection with the tolling agreement, that it owed no duty to appellants to do anything with regard to that agreement, and that it was not involved in any alleged conspiracy to harm appellants. ProNational further argued that even if it had been involved in such activities, appellants did not suffer any damages.

{¶ 7} Appellants' memorandum in opposition asserted that ProNational's attorneys drafted the "tolling agreement," and thus, ProNational is a material part of the conspiracy. As to the issue of injury, appellants argued that they believed that their case would be evaluated and then "settled" without recourse to a civil lawsuit. Apparently, because appellants later incurred legal expenses to file this lawsuit, they argued that they sustained damages that could have been avoided if ProNational had, in good faith, evaluated the case for settlement.

{¶ 8} On April 2, 2007, the trial court granted ProNational's motion for summary judgment. This appeal followed.

I

{¶ 9} Appellants assert in their first assignment of error that the trial court erroneously awarded summary judgment to ProNational. We disagree with appellants.

{¶ 10} Appellate courts review summary judgments de novo. *Broadnax v. Greene Credit Serv.* (1997), 118 Ohio App.3d 881, 887, 694 N.E.2d 167; *Coventry Twp. v. Ecker* (1995), 101 Ohio App.3d 38, 41, 654 N.E.2d 1327; *Maust v. Bank One Columbus, N.A.* (1992), 83 Ohio App.3d 103, 107, 614 N.E.2d 765. In other words, in summary judgment reviews, appellate courts afford no deference to trial court decisions, *Hicks v. Leffler* (1997), 119 Ohio App.3d 424, 427, 695 N.E.2d 777; *Dillon v. Med. Ctr. Hosp.* (1993), 98 Ohio App.3d 510, 514–515, 648 N.E.2d 1375; *Morehead v. Conley* (1991), 75 Ohio App.3d 409, 411–412, 599 N.E.2d 786, and conduct an independent review to determine whether summary judgment is appropriate. *Woods v. Dutta* (1997), 119 Ohio App.3d 228, 233–234, 695 N.E.2d 18; *Phillips v. Rayburn* (1996), 113 Ohio App.3d 374, 377, 680 N.E.2d 1279; *McGee v. Goodyear Atomic Corp.* (1995), 103 Ohio App.3d 236, 241, 659 N.E.2d 317.

{¶ 11} Summary judgment under Civ.R. 56(C) is appropriate when a movant shows that (1) no genuine issues of material fact exist, (2) it is entitled to judgment as a matter of law, and (3) after the evidence is construed most strongly in favor of the nonmovant, reasonable minds can come to one conclusion, and that conclusion is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club, Inc.* (1998), 82 Ohio St.3d 367, 369–370, 696 N.E.2d 201; *Mootispaw v. Eckstein* (1996), 76 Ohio St.3d 383, 385, 667 N.E.2d 1197; *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d 46. The moving party bears the initial burden to show that no genuine issue of material facts exists and that the moving party is entitled to judgment as a matter of law. *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164; *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264; *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798. If that burden is met, the onus shifts to the nonmoving party to provide evidentiary materials in rebuttal. See *Trout v. Parker* (1991), 72 Ohio App.3d 720, 723, 595 N.E.2d 1015; *Campco Distribs., Inc. v. Fries* (1987), 42 Ohio App.3d 200, 201, 537 N.E.2d 661; *Whiteleather v. Yosowitz* (1983), 10 Ohio App.3d 272, 275, 10 OBR 386, 461 N.E.2d 1331. With these principles in mind, we turn our attention to the case at bar.

{¶ 12} Appellants contend that ProNational is not entitled to summary judgment because it failed to carry its initial evidentiary burden under Civ.R. 56(C) to show that it was not involved in any civil conspiracy or breach of fiduciary duty. Civ.R. 56(C) states that summary judgment will be granted if the pleadings, "depositions, answers to interrogatories, written admissions, affidavits, tran-

scripts of evidence, and written stipulations of fact" establish that no genuine issue of material fact exists and that the moving party is entitled to judgment in its favor as a matter of law. Here, ProNational did not submit evidentiary material in compliance with Civ.R. 56(C) to support its argument in favor of summary judgment.[1] In the absence of an affidavit to demonstrate ProNational's lack of involvement with the tolling agreement or other evidentiary materials, we agree with appellants that ProNational did not carry its initial burden on summary judgment. Nevertheless, if we accept all of appellants' allegations contained in their complaint as true, we conclude that the pleadings alone indicate that ProNational is entitled to judgment in its favor as a matter of law. Nothing in appellants' complaint suggests that they were injured by any action of ProNational.

{¶ 13} The first claim in appellants' complaint is for negligence and malpractice. This claim goes to the alleged professional malfeasance of Meyers and does not involve ProNational. Appellants' second claim is in fraud, the third for breach of fiduciary duty, and the fourth in civil conspiracy.[2] All of these claims concern ProNational's involvement with the tolling agreement, and all require proof of injury. See *Bradford v. B & P Wrecking Co., Inc.*, 171 Ohio App.3d 616, 2007-Ohio-1732, 872 N.E.2d 331, at ¶ 62 (fraud); *Biddulph v. DeLorenzo*, Cuyahoga App. No. 83808, 2004-Ohio-4502, 2004 WL 1902725, at ¶ 33 (breach of fiduciary duty); *Walter v. ADT Security Sys., Inc.*, Franklin App. No. 06AP–115, 2007-Ohio-3324, 2007 WL 1874247, at ¶ 36 (civil conspiracy).

{¶ 14} However, after our review of appellants' complaint, we fail to see where appellants allege any injury resulting from ProNational's actions. The closest appellants come is an allegation that they "delayed filing a legal malpractice claim until near the expiration of the tolling agreement." Even if we accept that statement as true, however, we fail to see how appellants were injured. Indeed, the fact that appellants brought count one of their complaint against Meyers and the law firm indicates that they did not forfeit their right to pursue their claim for legal malpractice.

---

1. The evidence ProNational submitted is copies of various documents. Those documents, however, are not the type of evidentiary materials set forth in Civ.R. 56(C). Thus, the documents should have been incorporated into an affidavit. See *Schaad v. Valley Proteins, Inc.*, Washington App. No. 05CA41, 2006-Ohio-5273, 2006 WL 2846338, at ¶ 21, fn. 3; *Natl. Check Bur., Inc. v. Cody*, Cuyahoga App. No. 84208, 2005-Ohio-283, 2005 WL 174762, at ¶ 23. We note, however, that appellants did not object to the evidence that ProNational submitted.

2. In their third claim, appellants also allege a breach of DR 6–102(A). Assuming arguendo that breach of a Disciplinary Rule gives rise to a cause of action, ProNational is an insurance corporation and not a natural person licensed to practice law in the state of Ohio. Thus, no "claim" can be maintained against ProNational for violation of that rule.

{¶ 15} Appellants also argued that their injuries included legal fees and costs that they would not otherwise have incurred if ProNational had evaluated their claim for settlement as originally agreed. This is disingenuous. Appellants would have incurred the same fees and costs if they had not entered into the tolling agreement. Nothing in the complaint, or elsewhere in the record, substantiates any injury to appellants as a result of the tolling agreement. Again, appellants were in no way hampered or prevented from filing their action. Further, we are not aware of any claim that can be asserted prior to the resolution of the action that asserts injury from an alleged failure to evaluate a claim in good faith.

{¶ 16} In short, although we agree with appellants that ProNational should have submitted some Civ.R. 56(C) evidentiary materials to support its motion, we nevertheless find that summary judgment is warranted on the basis of the pleadings alone. Accordingly, we hereby overrule appellant's first assignment of error.

## II

{¶ 17} Appellants' second and third assignments of error assert that the trial court erred by granting summary judgment to ProNational (1) without granting appellants additional time for discovery and (2) by quashing a deposition subpoena relative to their claims against ProNational. However, in light of our disposition of appellant's first assignment of error, these remaining assignments of error have been rendered moot, and we disregard them. See App.R. 12(A)(1)(c).

{¶ 18} Accordingly, having reviewed all of the errors assigned and argued in the briefs, and finding merit in none of them, we hereby affirm the trial court's judgment in favor of ProNational.

Judgment affirmed.

MCFARLAND, P.J., concurs.

KLINE, J., concurs in judgment only.