[Cite as *Ingle-Barr, Inc. v. E. Local School Dist. Bd.*, 2011-Ohio-584.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PIKE COUNTY

INGLE-BARR, INC.,

    Plaintiff-Appellant,

    vs.

EASTERN LOCAL SCHOOL DISTRICT
BOARD,

    Defendant-Appellee.

:

:

:

:

:

:

:

Case No.  10CA808
          10CA809

DECISION AND JUDGMENT ENTRY

_____

APPEARANCES:

COUNSEL FOR APPELLANT:    Timothy G. Crowley., 150 East Wilson Bridge Road, Ste. 230, Worthington, Ohio 43085

          Michael J. Fusco, Fusco, Mackey, Mathews & Gill, L.L.P., 655 Cooper Road, Westerville, Ohio 43081

COUNSEL FOR APPELLEE:    Eric B. Travers, Kegler, Brown, Hill & Ritter, L.P.A., 65 East State Street, Ste. 1800, Columbus, Ohio 43215-4294

_____

CIVIL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALZIED: 1-27-11

ABELE, J.

{¶ 1}   This is an appeal from two Pike County Common Pleas Court summary judgments in favor of the Eastern Local School District Board (Eastern), defendant below and appellee herein, on claims brought against it by Ingle-Barr, Inc. (Ingle-Barr), plaintiff below and appellant herein.

{¶ 2}   Appellant assigns the following error for review:

"THE TRIAL COURT ERRED IN GRANTING
DEFENDANT-APPELLEE EASTERN LOCAL SCHOOL
DISTRICT BOARD'S MOTION TO DISMISS, TREATED AS A
MOTION FOR SUMMARY JUDGMENT, AND DISMISSING
WITH PREJUDICE PLAINTIFF-APPELLANT INGLE-BARR,
INC.'S AMENDED COMPLAINT, AND, IN PARTICULAR, IN
DETERMINING THAT DEFENDANT-APPELLEE 'IS NOT A
PARTY' TO THE CONSTRUCTION CONTRACTS THAT ARE
THE SUBJECT OF PLAINTIFF-APPELLANT'S AMENDED
COMPLAINT IN THE TWO (2) CONSOLIDATED ACTIONS."

{¶ 3}   In 2002, Ingle-Barr entered a "Contractor Contract" with the State of Ohio, by and through Eastern, to build "new athletic fields" for the school district.   The next year it entered into another "Contractor Contract" with the State of Ohio, also by and through Eastern, to make improvements at Eastern High School.

{¶ 4}   On January 9, 2006, Ingle-Barr commenced the instant actions against Eastern and alleged breach of contract and unjust enrichment on both contracts.   Eastern filed motions to dismiss in both cases and argued, inter alia, that it was not a party to the contract and that appellant must seek recompense from the State of Ohio in the Ohio Court of Claims.

{¶ 5}   The trial court converted both motions to summary judgment and on February 22, 2010, issued its decision in favor of appellees.   In particular, the court ruled that because both contracts are between Ingle-Barr and the State of Ohio, and that Eastern is not a party, Eastern could not be held liable for breach of contract.   Thus, the court dismissed Ingle-Barr's complaints.   Appellant appealed both dismissals and consolidated   the two appeals.   The matter

is now before us for review.[1]

{¶ 6}   In its sole assignment of error, Ingle-Barr asserts that Eastern did not adequately demonstrate that it was entitled to summary judgment.   Our analysis begins with the premise that appellate courts review summary judgments de novo. Sutton Funding, L.L.C. v. Herres, 188 Ohio App.3d 686, 936 N.E.2d 574, 2010-Ohio-3645, at ¶59;   Broadnax v. Greene Credit Service (1997), 118 Ohio App.3d 881, 887, 694 N.E.2d 167; Coventry Twp. v. Ecker (1995), 101 Ohio App .3d 38, 41, 654 N.E.2d 1327.   In other words, we afford no deference whatsoever to the trial court decision,   Sampson v. Cuyahoga Metro. Hous. Auth., 188 Ohio App.3d 250, 935 N.E.2d 98, 2010-Ohio-3415, at ¶19; Kalan v. Fox, 187 Ohio App.3d 687, 933 N.E.2d 337, 2010-Ohio-2951, at ¶13, and we will conduct an independent review to determine if summary judgment is appropriate.   Woods v. Dutta (1997), 119 Ohio App.3d 228, 233-234, 695 N.E.2d 18; Phillips v. Rayburn (1996), 113 Ohio App.3d 374, 377, 680 N.E.2d 1279.

{¶ 7}   Under Civ. R. 56(C), summary judgment is appropriate when a movant shows that (1) no genuine issues of material fact exist, (2) he is entitled to judgment as a matter of law and (3) after the evidence is construed most strongly in favor of the non-movant, reasonable minds can come to one conclusion and that conclusion is adverse to the non-moving party. See Kaminski v. Metal & Wire Prods. Co., 125 Ohio St.3d 250, 927 N.E.2d 1066, 2010-Ohio-1027 at ¶103; Zivich v. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201. The moving party bears the initial burden to show that no genuine issues of material facts exist and that it is entitled to judgment as a matter of law.   Dresher v. Burt (1996), 75 Ohio St.3d 280,

---

[1]   Our review of the exhibits and the parties' arguments indicate that Ingle-Barr has also filed suit against the State of Ohio in the Court of Claims.   Apparently, that case has been     stayed pending the outcome of this litigation.

293, 662 N.E.2d 264; Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798.   If that burden is met, the onus shifts to the non-moving party to provide rebuttal evidentiary materials. See Trout v. Parker (1991), 72 Ohio App.3d 720, 723, 595 N.E.2d 1015; Campco Distributors, Inc. v.. Fries (1987), 42 Ohio App.3d 200, 201, 537 N.E.2d 661.

**{¶ 8}**   To begin, the face of the two contracts in the case sub judice specify that the agreements are between Ingle-Barr "and the State of Ohio." Although the word "agent" appears nowhere in the opening paragraph of either contract, the clear language of those paragraphs limit Eastern's role to simply binding the State to those contracts with Ingle-Barr.   Moreover, Eastern filed an affidavit by Stephanie Knipp, President of the Eastern Local District School Board, who attested that Eastern is not a party to the contract(s) and that she signed them "for the State of Ohio."   Charles J. Shreve, Superintendent for Eastern, likewise attested that Eastern did not enter "into the contract with Ingle-Barr."   This evidence is sufficient to carry Eastern's initial burden to   show that they are not a party to the contracts.   Consequently, Ingle-Barr had the burden of rebuttal.   We, however, find nothing in the record to show that Ingle-Barr carried that burden.   The affidavits submitted with Ingle-Barr's memorandum contra do not challenge the wording of the two contracts or the affiants attestations that the contracts are between Ingle-Barr and the State of Ohio.

**{¶ 9}**   It is axiomatic that those not a party to a contract cannot be held liable for a breach of contract.   See, generally, Cremeans v. Robbins (Jun. 12, 2000), Ross App. No. 99CA2520 (someone not a party to a contract cannot be held liable for rescission). In the absence of evidence to show that Eastern is a party to the contracts, Ingle-Barr has no cause of action against it and the trial court correctly entered summary judgment in Eastern's favor.

{¶ 10} Interestingly, Ingle-Barr's brief does not appear to actually contest Eastern's argument it is not a party to the contracts. Instead, Ingle-Barr raises a number of other arguments. First, Ingle-Barr criticizes the trial court for not "mention[ing] the existence of the "Ohio School Facilities Commission," but fails to show how the commission's existence impacts this controversy. Second, Ingle-Barr faults the trial court for not addressing the fact that Eastern is "the legal and beneficial owner" of properties on which it was contracted to make improvements. While that may indeed be the case, we fail to see how that ownership alters the fact that Eastern is not a party to the contract.

{¶ 11} Ingle-Barr further challenges the trial court's decision for not taking into account several Ohio Court of Claims decisions. First, the trial court is not bound by such decisions. See, generally, Tschantz v. Ferguson (1989), 49 Ohio App.3d 9, 550 N.E.2d 544; Freeman v. Holzer Medical Ctr. (Mar. 27, 1992), Gallia App. No. 91 CA 8. Second, even if Court of Claims decisions are binding, Ingle-Barr does not explain how they contradict the trial court's decision. Ingle-Barr also points out that Eastern's name appears many times in various other documents that relate to the construction. While that may be true, we fail to see how this rebuts either the clear language that specifies that the contracts are between Ingle-Barr and the State of Ohio, or the Civ.R. 56(C) evidentiary materials that show that Eastern is not a party to the contracts.

{¶ 12} For these reasons, we hereby overrule Ingle-Barr's assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pike County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Kline, J. & McFarland, J.: Concur in Judgment & Opinion
For the Court

BY:_____
Peter B. Abele, Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.