**[Cite as *Ingle-Barr, Inc. v. Scioto Valley Local School Dist. Bd.*, 193 Ohio App.3d 628, 2011-Ohio-2353.]**

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PIKE COUNTY

INGLE-BARR, INC.,

    Appellant,

    v.

SCIOTO VALLEY LOCAL SCHOOL
DISTRICT BOARD,

    Appellee.

Case No.   10CA811

DECISION AND JUDGMENT ENTRY

_____

APPEARANCES:

COUNSEL FOR APPELLANT:    Timothy G. Crowley; and Fusco, Mackey, Mathews
    & Gill, L.L.P., and Michael J. Fusco.

COUNSEL FOR APPELLEE:    Kegler, Brown, Hill & Ritter, L.P.A., Donald W. Gregory,
    and Eric B. Travers.

_____

CIVIL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 5-2-11

Per Curiam.

**{¶ 1}**   This is an appeal from a Pike County Common Pleas Court summary judgment in favor of the Scioto Valley Local School District Board ("Scioto"), defendant below and appellee herein, on the claims brought against it by Ingle-Barr, Inc. ("Ingle-Barr"), plaintiff below and appellant herein.

{¶ 2}   Appellant assigns the following errors for review:

FIRST ASSIGNMENT OF ERROR:

The trial court erred in granting defendant-appellee Scioto Valley Local School District Board's motion to dismiss, and its motion for reconsideration, collectively treated as a motion for summary judgment, and dismissing with prejudice plaintiff-appellant Ingle-Barr, Inc.'s complaint, and, in particular, in determining that defendant-appellee "is not a party" to the construction contracts that are the subject of plaintiff-appellant's complaint.

SECOND ASSIGNMENT OF ERROR:

The trial court erred in granting defendant-appellee Scioto Valley Local School District Board's motion to dismiss, and its motion for reconsideration, collectively treated as a motion for summary judgment, and dismissing with prejudice plaintiff-appellant Ingle-Barr, Inc.'s complaint, and, in particular, in determining that plaintiff-appellant may not recover from the defendant-appellee "based on quasi contract."

{¶ 3}   In 2002, Ingle-Barr entered into a $2,683,000 construction contract with the state of Ohio, by and through Scioto, to renovate and build an addition to Jasper Elementary School. In 2004, the same parties entered into a second contract for $332,232 to perform additional work.

{¶ 4}   Ingle-Barr commenced the instant action on September 6, 2007, and alleged a breach of these contracts, as well as unjust enrichment, and requested $267,134.44 in damages. Before it answered, Scioto filed a motion to dismiss and argued that it is not a party to the contracts upon which Ingle-Barr brought suit and that quasi-contract could not be used in this instance against a governmental entity.

{¶ 5}   Initially, the trial court overruled Scioto's motion to dismiss. Scioto, however, filed a motion to reconsider and argued that the trial court, in a related case, had ruled against

Ingle-Barr and should also do so in this case.

{¶ 6}   On May 6, 2010, the trial court notified the parties that it intended to treat Scioto's motion to dismiss and motion for reconsideration as a motion for summary judgment, and scheduled a deadline for the submission of Civ.R. 56(C) evidentiary materials.   After both sides submitted affidavits, the court granted summary judgment.[1]   This appeal followed.

I

{¶ 7}   Ingle-Barr asserts in its first assignment of error that the trial court erred by granting summary judgment to Scioto.   Generally, appellate courts review summary judgments de novo. See *Broadnax v. Greene Credit Serv.* (1997), 118 Ohio App.3d 881, 887, 694 N.E.2d 167; *Coventry Twp. v. Ecker* (1995), 101 Ohio App .3d 38, 41, 654 N.E.2d 1327; *Maust v. Bank One Columbus, N.A.* (1992), 83 Ohio App.3d 103, 107, 614 N.E.2d 765.   In other words, appellate courts afford no deference to trial court decisions, *Hicks v. Leffler* (1997), 119 Ohio App.3d 424, 427, 695 N.E.2d 777; *Dillon v. Med. Ctr. Hosp.* (1993), 98 Ohio App.3d 510, 514-515, 648 N.E.2d 1375, and conduct their own, independent review to determine whether summary judgment is appropriate.   *Woods v. Dutta* (1997), 119 Ohio App.3d 228, 233-234, 695 N.E.2d 18*; McGee v. Goodyear Atomic Corp.* (1995), 103 Ohio App.3d 236, 241, 659 N.E.2d 317.

{¶ 8}   Summary judgment under Civ.R. 56(C) is appropriate when a movant can show that (1) no genuine issues of material fact exist, (2) it is entitled to judgment as a matter of law, and (3) after the evidence is construed most strongly in favor of the nonmovant, reasonable

---

[1]   Scioto filed an answer and counterclaim on March 9, 2010, but the summary judgment dismissed that claim as well.   Thus, no Civ.R. 54(B) issues are afloat.

minds can come to one conclusion and that conclusion is adverse to the nonmoving party.

*Zivich v. Mentor Soccer Club, Inc.* (1998), 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201; *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46. The moving party bears the initial burden to show that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164; *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798. If that burden is met, the onus shifts to the nonmoving party to provide rebuttal evidentiary materials. See *Trout v. Parker* (1991), 72 Ohio App.3d 720, 723, 595 N.E.2d 1015; *Campco Distribs., Inc. v. Fries* (1987), 42 Ohio App.3d 200, 201, 537 N.E.2d 661. With these principles in mind, we turn our attention to the case at bar.

{¶ 9}   An affidavit by Todd Burkitt, superintendent of the Scioto Valley Local School District, attested to the authenticity of the two construction contracts underlying Ingle-Barr's case.   He also attested that Scioto "is not a party" to either contract.   This is sufficient for Scioto to carry its initial Civ.R. 56(C) burden and shift the burden of persuasion to Ingle-Barr.   We, however, find nothing in the evidentiary materials to contradict the fact that the contract is between Ingle-Barr and the state of Ohio.   Both contracts state that they are between Ingle-Barr, Inc., and the state of Ohio "through the President and Treasurer of the Scioto Valley Local School District Board."   Although Scioto's name does appear on the documents, it is in the capacity of an agent binding the state of Ohio.

{¶ 10}  Contracts mean what they say.   See *Natl. Life & Accident Ins. Co. v. Ray* (1927), 117 Ohio St. 13, 22, 158 N.E. 179.   Here, the party with which Ingle-Barr contracted is the state of Ohio, and that is the party from which it must seek compensation for any breach of those

contracts.   We also point out that under almost identical circumstances, we affirmed a summary judgment when Ingle-Barr attempted to bring an action against a local school district under construction contracts, even though those contracts were between Ingle-Barr and the state of Ohio.   See *Ingle-Barr, Inc. v. E. Local School Dist. Bd.,* Pike App. Nos. 10CA808 and 10CA809, 2011-Ohio-584.   We see no reason to depart from our ruling in that case.

{¶ 11}  Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.

II

{¶ 12}  In its second assignment of error, Ingle-Barr asserts that the trial court erred by ruling that its claim for unjust enrichment could not be maintained against Scioto.

{¶ 13}  Without commenting on the trial court's ruling directly, we do agree that unjust enrichment does not lie in this case.   Ohio law does not recognize an equitable claim for unjust enrichment when an express contract covers the exact same subject matter. See *Allied Environmental Servs., Inc. v. Miami Univ.*, Court of Claims No. 2004-06887, 2006-Ohio-5668, at ¶ 40; *Cleveland Mack Leasing, Ltd. v. Chef's Classics, Inc.*, Mahoning App. No. 05MA59, 2006-Ohio-888, at ¶ 34; *Davidson v. Davidson*, Auglaize App. No. 17-05-12, 2005-Ohio-6414, at ¶ 19.   A quasi-contract theory of recovery is used to facilitate recovery for unjust enrichment when no actual contract exists.   See generally Calamari & Perillo, Contracts (2d Ed.1977) 19-20, Section 1-12.

{¶ 14}  In the case sub judice, Ingle-Barr is a party to an express contract with the state of Ohio concerning construction work.   Thus, an action for unjust enrichment will not lie against Scioto.   Ingle-Barr is a party to two contracts with the state of Ohio.   That is the party from

whom it should seek compensation.   The company cannot ignore those contracts and seek compensation from whatever, or whomever, has benefitted from its work.

{¶ 15} Accordingly, we hereby overrule appellant's second assignment of error and affirm the trial court's judgment.

Judgment affirmed.

ABELE, KLINE, and MCFARLAND, JJ., concur.