[Cite as *Drummond v. Paccar, Inc.*, 2011-Ohio-6249.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

DUANE ANTHONY DRUMMOND

     Plaintiff-Appellant,

     vs.

PACCAR, INC., d.b.a.
KENWORTH TRUCK CO.

     Defendant-Appellee.

:
:
:
:
:
:

Case No.   11CA3226

DECISION AND JUDGMENT ENTRY

_____

APPEARANCES:

COUNSEL FOR APPELLANT:    James L. Mann, Mann & Preston, L.L.P., 18 East Second
Street, Chillicothe, Ohio 45601

COUNSEL FOR APPELLEE:    Brian D. Hall, Porter, Wright, Morris & Arthur, L.L.P., 41
South High Street, Stes. 2800-3200, Columbus, Ohio
43215-6194

_____

CIVIL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 11-30-11

ABELE, J.

{¶ 1} This is an appeal from a Ross County Common Pleas Court summary judgment in

favor of PACCAR Inc., d.b.a. Kenworth Truck Co. (Kenworth), defendant below and appellee

herein, on the claim brought against it by Duane Anthony Drummond, plaintiff below and

appellant herein.   Appellant assigns the following error for review:

"THE TRIAL COURT ERRED IN GRANTING APPELLEE'S
MOTION FOR SUMMARY JUDGMENT."

{¶ 2}   Appellant began working for Kenworth in 1987.   In 2001, he sustained a lower back injury during the course of his employment and he could not work.   Appellant returned to Kenworth on January 11, 2002, but did so under restrictions, including a restriction that he lift no more than fifteen pounds.   Kenworth heard that appellant may be working at a local rodeo on the evening of February 8, 2002, and hired a private detective to investigate.   At the rodeo, the detective videotaped appellant lifting children onto the back of animals.   Appellant was thereafter terminated from his employment.

{¶ 3}   Appellant commenced the instant action on August 9, 2002 and alleged that Kenworth terminated him in retaliation for having filed a workers' compensation claim.   Appellant asked for damages in excess of $25,000.   Kenworth denied liability and asserted a number of defenses.

{¶ 4}   On October 14, 2003, Kenworth requested summary judgment.   Appellant thereupon filed a memorandum contra, to which Kenworth filed a reply.   The trial court entered judgment on February 7, 2011, and granted Kenworth's motion.   This appeal followed.

{¶ 5}   Appellate courts review summary judgments de novo. Sutton Funding, L.L.C. v. Herres, 188 Ohio App.3d 686, 936 N.E.2d 574, 2010-Ohio-3645, at ¶59;   Broadnax v. Greene Credit Service (1997), 118 Ohio App.3d 881, 887, 694 N.E.2d 167.   In other words, appellate courts generally afford no deference whatsoever to trial court decisions,   Kalan v. Fox, 187 Ohio App.3d 687, 933 N.E.2d 337, 2010-Ohio-2951, at ¶13; Hicks v. Leffler (1997), 119 Ohio App.3d 424, 427, 695 N.E.2d 777, and instead, conduct our own, independent review to determine if

summary judgment is appropriate.   Phillips v. Rayburn (1996), 113 Ohio App.3d 374, 377, 680 N.E.2d 1279; McGee v. Goodyear Atomic Corp. (1995), 103 Ohio App.3d 236, 241, 659 N.E.2d 317.

{¶ 6}   Summary judgment under Civ. R. 56(C) is appropriate when a movant shows that (1) no genuine issues of material fact exist, (2) he is entitled to judgment as a matter of law, and (3) after the evidence is construed most strongly in favor of the non-movant, reasonable minds can come to one conclusion and that conclusion is adverse to the non-moving party.   See Kaminski v. Metal & Wire Prods. Co., 125 Ohio St.3d 250, 927 N.E.2d 1066, 2010-Ohio-1027 at ¶103; Zivich v. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201. The moving party bears the initial burden to show that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law.   Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164; Dresher v. Burt (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264.   If that burden is satisfied, the onus shifts to the non-moving party to provide rebuttal evidentiary materials. See Trout v. Parker (1991), 72 Ohio App.3d 720, 723, 595 N.E.2d 1015; Campco Distributors, Inc. v.. Fries (1987), 42 Ohio App.3d 200, 201, 537 N.E.2d 661.   With these principles in mind, we turn our attention to the case sub judice.

{¶ 7}   Appellant's claim is based on an alleged R.C. 4123.90 violation.   This statute provides in pertinent part, that "[n]o employer shall discharge . . . any employee because the employee filed a claim or instituted, pursued or testified in any proceedings under the workers' compensation act for an injury or occupational disease which occurred in the course of and arising out of his employment with that employer."   In support of its position, Kenworth filed an affidavit from Human Resources Manager Karen Duffy, who attested (1) appellant had not even

filed a workers' compensation claim for his back condition, and (2) in any event, the decision to terminate appellant sprang from the fact that he engaged in activities that violated the medical restrictions imposed upon him when he returned to work.[1] This constituted sufficient evidentiary materials for Kenworth to satisfy its initial burden on summary judgment. Accordingly, the burden shifted to appellant to provide rebuttal materials to show that genuine issues of material fact do, in fact, exist that negate summary judgment and require a trial. After our review of the materials, however, we do not believe that appellant satisfied his burden. Human Resources Manager Sharon Duffy attested that appellant was dismissed for not following medical restrictions on how much weight he could lift. Appellant did not offer anything in his affidavit to refute the explanation that a legitimate reason supported his discharge. Appellant, however, does not really challenge that explanation, so much as he challenges his view of its overall fairness. We note that R.C. 4123.90 does not prohibit a termination that an employee may personally perceive as unfair; rather, the statute prohibits a termination in retaliation for filing a workers' compensation claim. Thus, we agree with the trial court's conclusion that appellant's evidentiary materials do not create a genuine issue of material fact concerning the stated legitimate reasons that supported his discharge.

{¶ 8} For all these reasons, we overrule appellant's assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

Kline, J., concurring.

---

[1] The affiant further explained that appellant received "non-industrial short term disability benefits" due to his back condition.

**{¶ 9}** I respectfully concur in judgment only. Here, I agree that Drummond's retaliatory-discharge claim does not survive summary judgment. But in making that determination, I would apply the burden-shifting framework utilized in *Dover v. Carmeuse Natural Chemicals*, Perry App. No. 10-CA-8, 2010-Ohio-5657, at ¶40-47; *Ferguson v. SanMar Corp.*, Butler App. No. CA2008-11-283, 2009-Ohio-4132, at ¶13-21; and *Slone v. Martin Marietta Energy Systems, Inc.* (Oct. 5, 1998), Washington App. No. 97CA602.

## JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, P.J.: Concurs in Judgment & Opinion and the Concurring Opinion
Kline, J.: Concurs in Judgment Only with Concurring Opinion

For the Court

BY:_____
Peter B. Abele, Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.