[Cite as *First Sentry Bank v. Rose*, 2014-Ohio-594.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
GALLIA COUNTY

FIRST SENTRY BANK,                          :

    Plaintiff-Appellee,                   :   Case No.  13CA2

    vs.                                   :

RICHARD ROSE, et al.,                       :   DECISION AND JUDGMENT ENTRY

    Defendants-Appellants.                :

_____

APPEARANCES:

COUNSEL FOR APPELLANTS:   Steven K. Nord, Offutt Nord Burchett, PLLC, 949 Third
Avenue, P.O. Box 2868, Huntington, West Virginia
25728-2868

COUNSEL FOR APPELLEE:   Christopher A. Conley, Campbell Woods, PLLC, P.O. Box
1862, 1640 Carter Avenue, Ashland, Kentucky, 41105

_____

CIVIL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 2-6-14

ABELE, P.J.

{¶ 1}   This is an appeal from a Gallia County Common Pleas Court summary judgment in favor of First Sentry Bank, plaintiff below and appellee herein, on claims against Richard Rose and Shelly Ranegar-Rose, defendants below and appellants herein.   Appellants assign the following errors for review[1]

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED BY DENYING THE

---

[1] We set out the text of the actual assignment of error, but not the various subsections that appellants included.

APPELLANT'S MOTION TO DISMISS BECAUSE THE
APPELLEE, FIRST SENTRY BANK, IS NOT LICENSED TO
DO BUSINESS IN THE STATE OF OHIO AND THUS,
PURSUANT TO OHIO REVISED CODE §1703.29(A) CANNOT
MAINTAIN A CIVIL ACTION IN THE STATE OF OHIO."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED BY GRANTING THE
APPELLEE'S MOTION FOR SUMMARY JUDGMENT AND
DENYING THE APPELLANT'S MOTION FOR SUMMARY
JUDGMENT BECAUSE THE SUBJECT MORTGAGE WAS
RELEASED UPON EXECUTION OF THE APRIL 19, 2008
PROMISSORY NOTE.   SPECIFICALLY, APPELLANT,
SHELLEY RANEGAR-ROSE, THE SOLE OWNER OF THE
REAL PROPERTY AT ISSUE DID NOT CONSENT TO THE
APRIL 19, 2009 PROMISSORY NOTE."

THIRD ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED BY GRANTING THE
APPELLEE'S MOTION FOR SUMMARY JUDGMENT AND
DENYING THE APPELLANT'S MOTION FOR SUMMARY
JUDGMENT BECAUSE THE SUBJECT MORTGAGE WAS
DEFECTIVE IN THAT THE POWER OF ATTORNEY RELIED
UPON BY FIRST SENTRY BANK TO GRANT THE SUBJECT
MORTGAGE HAD NOT BEEN RECORDED AS REQUIRED
BY R.C. §1337.04."

FOURTH ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED BY GRANTING THE
APPELLEE'S MOTION FOR SUMMARY JUDGMENT AND
DENYING THE APPELLANT'S MOTION FOR SUMMARY
JUDGMENT BECAUSE THE SUBJECT MORTGAGE WAS
DEFECTIVE IN THAT THE POWER OF ATTORNEY RELIED
UPON BY FIRST SENTRY BANK TO GRANT THE SUBJECT
MORTGAGE HAD BEEN REVOKED PRIOR TO THE
EXECUTION OF THE MORTGAGE."

FIFTH ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED BY GRANTING THE

APPELLEE'S MOTION FOR SUMMARY JUDGMENT
BECAUSE GENUINE ISSUES OF MATERIAL FACTS EXIST."

**{¶ 2}**   On January 18, 2009, Appellant Richard Rose executed and delivered to appellee a $405,000 promissory note with a 7.25% per annum interest rate, payable in full on April 18th of that year.   Appellant, apparently under the authority of a power of attorney, executed a mortgage on behalf of Appellant Shelley Ranegar-Rose to secure payment of the note and delivered it to the appellee.   On maturity of that note, a new note was apparently executed for the same amount and at the same interest rate, to be paid October 18, 2009.[2]

**{¶ 3}**   After a default in the payment of the note(s) occurred, appellee commenced the instant action on November 16, 2011. Appellee sought judgment in excess of $418,184 and the foreclosure of its mortgage on the security.   Appellants each filed pro se answers and denied liability.

**{¶ 4}**   On February 22, 2012, appellee filed a motion for summary judgment and argued that no genuine issues of fact exist and that it is entitled to judgment as a matter of law.   On March 20, 2012, appellants, now with counsel, filed an opposing memorandum, as well as a cross-motion for summary judgment.   On May 29, 2012, appellants filed a motion to dismiss the entire case on grounds that appellee is not licensed to do business in Ohio and, therefore, may not maintain the action against them.   Appellee subsequently filed a memorandum contra the motion to dismiss.

---

[2] We take this information from appellant's on May 15, 2012 amended complaint.    Paragraph six describes this second note and stated that a copy of the second note is attached to that pleading as "exhibit 4."    It appears, however, that the fourth (and unmarked) exhibit attached to the amended complaint is a copy of the first promissory note, executed January 18, 2009.

{¶ 5} On December 6, 2012, the trial court filed a "Memorandum Entry" and included its ruling on several pending motions, including the denial of appellants' motion to dismiss and summary judgment. The court, however, granted appellee's motion for summary judgment. On December 28, 2012, the court awarded judgment to appellee against Appellant Richard Rose for an amount in excess of $423,00, plus interest, and ordered that the mortgage be foreclosed. This appeal followed.[3]

I

{¶ 6} We first consider, out of order, appellant's fifth assignment of error wherein they argue that the trial court erred by granting appellee summary judgment.

{¶ 7} Generally, appellate courts review summary judgments de novo. *Sutton Funding, L.L.C. v. Herres*, 188 Ohio App.3d 686, 2010-Ohio-3645, 936 N.E.2d 574, at ¶59 (2nd Dist.); *Broadnax v. Greene Credit Service*, 118 Ohio App.3d 881, 887, 694 N.E.2d 167 (2nd Dist. 1997). In other words, an appellate court affords no deference whatsoever to a trial court decision, see *Sampson v. Cuyahoga Metro. Hous. Auth.*, 188 Ohio App.3d 250, 935 N.E.2d 98, 2010-Ohio-3415, at ¶19 (8th Dist.); *Kalan v. Fox*, 187 Ohio App.3d 687, 933 N.E.2d 337, 2010-Ohio-2951, at ¶13 (11th Dist.). Rather, an appellate court will conduct its own, independent review to determine if summary judgment is appropriate. *Woods v. Dutta*, 119 Ohio App.3d 228, 233-234, 695 N.E.2d 18 (4th Dist. 1997); *McGee v. Goodyear Atomic Corp.*, 103 Ohio App.3d 236, 241, 659 N.E.2d 317 (4th Dist. 1995).

---

[3] Although later proceedings in this action (e.g. sheriff's sale, distribution of proceeds and a confirmation entry) are anticipated, it is worth noting that in a foreclosure action, the judgment and order of sale is treated as the final appealable order for purposes of R.C. 2505.02. *Horvath v. Packo*, 2013-Ohio- 56, 985 N.E.2d 966, at ¶50 (6th Dist.); *BAC Home Loans Servicing, LP v. Henderson*, 8th Dist. Cuyahoga No. 98745, 2013-Ohio-275, at ¶9.

{¶ 8}   Summary judgment under Civ. R. 56(C) is appropriate when a movant shows that (1) no genuine issues of material fact exist, (2) it is entitled to judgment as a matter of law, and (3) after the evidence is construed most strongly in favor of the non-movant, reasonable minds can come to one conclusion and that conclusion is adverse to the non-moving party.   See *Kaminski v. Metal & Wire Prods. Co.*, 125 Ohio St.3d 250, 2010-Ohio-1027, 927 N.E.2d 1066, at ¶103; *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998). The moving party bears the initial burden to show that no genuine issue of material facts exist and that it is entitled to judgment as a matter of law. *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 674 N.E.2d 1164 (1997); *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996).   If that burden is satisfied, the onus shifts to the non-moving party to provide rebuttal evidentiary materials. See *Trout v. Parker*, 72 Ohio App.3d 720, 723, 595 N.E.2d 1015 (4th Dist. 1991); *Campco Distributors, Inc. v.. Fries*, 42 Ohio App.3d 200, 201, 537 N.E.2d 661 (2nd Dist. 1987).

{¶ 9}   In the case sub judice, we need not, and do not, consider every issue that appellants claim remain genuine issues of material fact.   Rather, one issue persuades us that appellee did not satisfy its Civ.R. 56(C) burden.

{¶ 10}  Appellant's summary judgment motion is based upon the note executed January 18, 2009.   Affidavits from Ginger Sergent and Patrick Hickman, both bank vice presidents, refer to, and incorporate, that note into their affidavits.   Hickman's affidavit also expressly states that "Richard Rose has defaulted on the note entered with First Sentry Bank on <u>January 18, 2009</u>." (Emphasis added.)

{¶ 11} However, on May 15, 2012 appellee filed an amended complaint that refers to a second note, executed on April 18, 2009, that allegedly extended the maturity of the January 18,

2009 note. Appellee's claim thus shifted from the default on the January 18, 2009 note to the default of the April 18, 2009 note. We, however, do not find any additional Civ.R. 56(C) evidentiary materials filed in this case, after the amended complaint, to substantiate that the second note is in default. Thus, appellee failed to carry its initial burden to show that it is entitled to summary judgment under Civ.R. 56(C).

{¶ 12} We again point out that we do not find a copy of this second note anywhere in appellee's pleadings. What is apparently intended to be a copy of that note (attached to the amended complaint as exhibit four) is another copy of the January 18, 2009 note. Thus, appellee cannot, at this time, carry its Civ.R. 56(C) burden without the correct note incorporated into a properly framed affidavit.

{¶ 13} Our disposition will also permit the parties to have the full opportunity to address whether appellee transacted business in the State of Ohio, or if it should be exempted from the registration requirements under the provision for conducting "interstate commerce." See R.C. 1703.03. Additional discovery and further Civ.R. 56(C) evidentiary materials may prove helpful on this issue.

{¶ 14} Accordingly, based on the reasons set forth above, we hereby sustain appellant's fifth assignment of error.

II

{¶ 15} Having so ruled on appellants' fifth assignment of error, we disregard the remaining assignments of error because they have been rendered moot. See App.R. 12 (A)(1)(c). We further point out that insofar as appellants' arguments that the trial court erred by not granting their motions for summary judgment and dismissal, our decision to sustain the fifth

assignment of error and to reverse the summary judgment revives the proceedings and the trial court's rulings are now, at present, interlocutory and non-appealable.   See *Kocijan v. S & N, Inc.*, 8th Dist. Cuyahoga No. 80414, 2002-Ohio-3775, at ¶26 (entry denying motion for summary judgment is interlocutory); *Littleton v. Holmes Siding Contr.*, 10th Dist. Franklin No. 13AP–138, 2013-Ohio-5602, at ¶6 (denial of motion to dismiss is interlocutory).   Of course, once the record is further developed, appellants may again request a dismissal of the claims or request summary judgment on those claims.   Likewise, appellee may do the same if it produces evidence to establish default on the second note and that it is not required to register a license to do business in the State of Ohio.

{¶ 16}  For the reasons set forth above, we hereby (1) sustain appellant's fifth assignment of error, (2) reverse the trial court's judgment, (3) disregard the remaining assignments of error as moot, and (4) remand the case for further proceedings consistent with this opinion.

> JUDGMENT REVERSED AND
> CASE REMANDED FOR
> FURTHER PROCEEDINGS
> CONSISTENT WITH THIS
> OPINION.

JUDGMENT ENTRY

It is ordered that the trial court's judgment be reversed, that appellants recover of appellee costs herein taxed and that the matter be remanded for further proceedings consistent with this opinion.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Gallia County

Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.                              Harsha, J. & McFarland, J.: Concur in

Judgment & Opinion

For the Court

BY:_____

Peter B. Abele
Presiding Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the
time period for further appeal commences from the date of filing with the clerk.